```
1  Peter R. Ellis
2  ELLIS LAW OFFICES, INC.
3  1285 Tongass Avenue
4  Ketchikan, Alaska  99901
5  907-225-9661 Office
6  907-225-6086 Fax
7  elo@kpunet.net
8  Attorney for GERALD EDENSHAW
9  Alaska Bar No. 6503006
```

**FILED**

**DEC 2 2005**

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

10  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AT
11  KETCHIKAN

```
12  GERALD EDENSHAW,            )
13          Plaintiff,          )
14      vs.                     )
15  SAFEWAY, INC., CARRS        )
16  QUALITY CENTER and SAFEWAY  )
17  FOOD & DRUG,                )
18          Defendants.         )   CASE NO. K05-0005CV (RRB)
19  _____)
```

## OPPOSITION TO DEFENDANT MOTION FOR

## SUMMARY JUDGMENT OF DISMISSAL

22  COMES NOW the above named Plaintiff, through Peter R. Ellis
23  as counsel of Ellis Law Offices, Inc., and in response to
24  the Defendants Motion For Summary Judgment Of Dismissal,
25  dated as of 11/10/2005 and served by mail, submits the
26  following, to-wit:

27  1.0     The Defendant raises again the same issues raised and
28  decided in the Alaska Superior Court action prior to removal.
29  The instant Motion For Summary Judgment Of Dismissal dated
30  November 8, 2005 and served by mail on November 10, 2005 is
31  basically the same document filed in the Superior Court at

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elo@kpunet.net-3

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

14

DEC-02-2005 12:03PM                    ID:                    PAGE:002  R=95%

1　Ketchikan as of July 15, 2005 and as filed with the Court
2　pursuant to removal and in accordance with the Amended Notice
3　Of Filing State Court Records, items 10 and 11. The
4　Plaintiff Opposition thereto is listed as item 12 and the
5　Order of the Superior Court denying the motion as of August
6　17th is listed by Defendant as item 17 and that Order should
7　be held to be the law of the case. To the extent that
8　Defendant did choose to preserve the defenses raised in the
9　present motion and in it's answer the same should only be
10　deemed preserved in the event of an appeal by Defendant of a
11　judgment entered in this Court and in favor of Plaintiff. To
12　again assert this defense in the trial court after a decision
13　denying the same has been entered raises a substantial
14　question as to the Defendant placing an unfair litigation
15　burden on Plaintiff while also taking up the time of this
16　Court as to a matter already determined and denied.

17　2.0　　The exhibits attached to the accompanying Memorandum
18　of Law consist of the following:

19　　Exhibit 3, 2 Pages: Copies of Ketchikan telephone
20　　directory to show Defendant's continued use of it's
21　　d/b/a names in the Ketchikan area.

22　　Exhibit 4: Sales receipt showing a failure to utilize
23　　or otherwise set forth the full corporate name of the
24　　Defendant on it's own documentation.

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elo@kpunet.net-4

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

DEC-02-2005 12:03PM　　　　　　　　　　　ID:　　　　　　　　　　　PAGE:003　R=100%

1   Exhibit 5:  Affidavit of counsel as to allegation of
2   imputed knowledge fault reference Defendant corporate
3   identity background.

4   Exhibit 6: Certificate of Mailing Return Receipt as to
5   Defendant Safeway to establish that process has been
6   served and proof of service could be filed if required.

7   3.0   That this Opposition is accompanied by a Memorandum
8   Of Points And Authorities with the above 4 attached exhibits.

9   WHEREFORE, the Plaintiff accordingly requests that the Court
10  provide for the entry of an Order providing for the denial of
11  Defendant's motion.

12  Respectfully submitted from Ketchikan, Alaska as of the date
13  next below written.

14  DATE: FRIDAY, DECEMBER 2, 2005.

15              ELLIS LAW OFFICES, INC.
16              Attorneys for Plaintiff

17              By _____
18              Peter R. Ellis  Alaska Bar No. 6503008

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elo@kpunet.net-5

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

DEC-02-2005 12:03PM                ID:                    PAGE:004 R=100%

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that pursuant to this certificate the undersigned has transmitted to the office listed below a true and correct copy of the foregoing document and any documents hereinafter listed in accordance with the following, to-wit:

PAUL M. HOFFMAN
ROBERTSON, MONAGLE
 & EASTAUGH, P.C.
GOLDBELT PLACE, SUITE 300
801 WEST 10TH STREET
JUNEAU, ALASKA 99801

DOCUMENTS:

 1.0 Opposition To Motion
 2.0 Memorandum Of Law With
     Attached Exhibits
 3.0 Proposed Order

MANNER OF SERVICE:

 MAIL         [ YES ]
 FAX          [ NO ]
 COURT TRAY   [ NO ]

DATE: December 2, 2005.

ELLIS LAW OFFICES, INC.

By _____
   Lynda Brown

---

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
alo@kpunet.net-6

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARES QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

```
 1  Peter R. Ellis
 2  ELLIS LAW OFFICES, INC.
 3  1285 Tongass Avenue
 4  Ketchikan, Alaska  99901
 5  907-225-9661 Office
 6  907-225-6086 Fax
 7  elo@kpunet.net
 8  Attorney for GERALD EDENSHAW
 9  Alaska Bar No. 6503008
```

10       UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AT
11                                 KETCHIKAN

```
12  GERALD EDENSHAW,            )
13            Plaintiff,        )
14       vs.                    )
15  SAFEWAY, INC., CARRS        )
16  QUALITY CENTER and SAFEWAY  )
17  FOOD & DRUG ,               )
18            Defendants.       )   CASE NO. K05-0005CV (RRB)
19  _____  )
```

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

23  COMES NOW the above named Plaintiff, through Peter R. Ellis
24  as counsel of Ellis Law Offices, Inc., and in support of the
25  opposition filed by Plaintiff, submits this Memorandum, and
26  incorporates herein the attachments, consisting of Exhibits
27  3 through 6, to-wit:

28  1.0   The filing of an amended complaint did not add a
29  further cause of action nor did it add an additional party.
30  The amendment simply clarifies and correctly identifies the
31  exact corporate name under which Safeway operates it's

ELLIS LAW OFFICES, INC.                Defendant Summary Judgment 11-05 Proceeding
1285 TONGASS AVENUE          GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                  DECEMBER 2, 2005
907-225-9661 FAX 907-225-6086                        Personal Injury Slip & Fall
elo@kpunet.net-7                              CASE NO. K05-0005CV

DEC-02-2005 12:04PM                     ID:                     PAGE:006 R=100%

1   subsidiary stores utilizing the names of Carr's and Safeway
2   Drug. See the Exhibit 3 and Exhibit 4 attachments. These
3   are the names it utilizes locally in the Ketchikan area and
4   the only ones available to the Plaintiff who was
5   hospitalized at the time of the Complaint filing and not
6   personally available to counsel other than by telephone.
7   See the Exhibit 5 attachment as to legal counsel affidavit
8   reference hospitalization and attorney contact.

9   2.0   The Defendant asserts that the First Amended
10  Complaint is not a proper pleading and does so on the basis
11  that its previously filed motion to dismiss was a responsive
12  pleading which it is not. Leave of court was not required
13  to file the same and the filing did occur because it was the
14  most expeditious manner in which counsel for the Plaintiff
15  believed the complaints of Defendant could be stilled and
16  would result in actual service of the amended complaint.
17  See attachment Exhibit 6 as to certified mail service of the
18  same. Defendant is clearly mistaken in terms of attempting
19  to treat a motion to dismiss as a "responsive pleading" and
20  has offered no authority to support this contention.

21  3.0   Legal service has now been accomplished, pursuant to
22  Exhibit 6, an answer has been filed and further proof of
23  service is unnecessary.

24  4.0   The affidavit of the Safeway Claims Examiner Levine
25  is correct in terms of the prior action and settlement of
26  the Laura Wilson case. To charge Plaintiff counsel with a

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
alo@kpunet.net-8

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

DEC-02-2005 12:04PM           ID:           PAGE:007  R=100%

1  recollection dating back over 5 years and to October of 1999
2  as to a correct Defendant name is both unfair and
3  unrealistic. Especially under circumstances where the
4  pressure to file before the running of the statute and no
5  more than 3 days contact with Plaintiff pretty much
6  restricted the scope of a totally accurate Defendant
7  identification under the circumstances. See the Ellis
8  affidavit attachment Exhibit 5. There is again no
9  Defendant citation of authority for charging legal counsel
10 with a "prior knowledge recollection obligation".

11 5.0   In arguing that the First Amended complaint should
12 be treated as dealing with another claim the Defendant
13 ignores the fact that the amendment only deals with
14 clarifying the correct legal name identity description of
15 the Defendant as to the names under which it does, or has
16 done business, in the Ketchikan area. Safeway Inc., Carrs
17 Quality Center and Safeway Food and Drug are the same and
18 not different entities. The case of <u>Siemion v. Rumfelt</u>, 825
19 P.2d 896, 899 (Alaska 1992) deals with an unsuccessful
20 effort to add two additional and totally unrelated
21 defendants involved in a personal injury automobile accident
22 case. The court there declined to allow amendment on the
23 basis that these were new claims and new parties not having
24 notice of the originally filed claim. <u>Kilkenny v. ARCO</u>
25 <u>Marine</u>, 800 F.2d 853 (9th Cir. 06/05/1986) has a similar
26 background although a more complex situation as to parties
27 and times.

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elof@kpunet.net-9

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

DEC-02-2005 12:04PM                        ID:                    PAGE:008  R=100%

1  6.0    In McCutcheon v. State, 746 P.2d 461 (Alaska 1987)
2  the Court likewise dealt with an effort to bring in a
3  separate party and also denied relief in terms of relation
4  back where libel publication dates pertinent to the running
5  of the statute of limitation created differences not
6  correctable on relation back theories. Farmer v. State, 788
7  P.2d 43, 48 to 49 (Alaska 1990) arises out of a request for
8  relation back as to a John Doe Defendant not originally
9  identified until after the running of the statute of
10 limitations and the relation back was allowed. Brown v. Ely,
11 14 P.3d 257, 263 (Alaska 2000) deals with a failure to
12 allege malice that did not constitute a lack of notice of
13 the general facts and thus a denial of a motion to amend was
14 reversed.

15 7.0    We are not dealing here with a new party as
16 Defendant would have us believe. The present case and the
17 argument herein deals solely with the correct identification
18 of a Defendant. What is really at issue is the ability of a
19 Plaintiff to correctly identify a Defendant by adding its
20 legal name, to the d/b/a names used in the initial filing.
21 Certainly notice on Defendant Safeway should not be an issue
22 when it's store manager is served with process. In Atkins
23 v. DeHavilland Aircraft Co., 699 P.2d 354, 355 (Alaska 1985)
24 the court dealt with an effort by a party deemed to be a
25 total stranger to the original plaintiff seeking to
26 intervene and denied intervention and a relation back
27 avoiding the statute of limitations due to a lack of notice.
28 Lack of notice is subject to substantial question in terms

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elo@kpunet.net-10

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
CASE NO. K05-0005CV

DEC-02-2005 12:04PM            ID:            PAGE:009  R=100%

1  of the Claim Examiner Levine affidavit as to an awareness of
2  the existence of the claim arising as a result of attorney
3  Miller contact.

4  8.0   <u>West v. Buchanan</u>, 981 P.2d 1065, 1070 to 1072
5  (Alaska 1999) held that the applicable limitations times
6  include two components. This consisted of the time for
7  commencing the action by the filing of a complaint and the
8  120 day time in which the action must be implemented by the
9  service of process. The holding establishes that, if a party
10 is sufficiently described in the original complaint so as to
11 avoid any possibility of prejudice to a Defendant, there is
12 no reason for not construing the Rule to embrace both
13 components of the period provided by law for bringing a
14 timely action against a particular Defendant. Alaska R.
15 Civ. P (4) (j) provides as follows:

16      Summons — Time Limit for Service. The clerk shall review
17      each pending case 120 days after filing of the complaint
18      to determine whether all defendants have been served. If
19      any defendant has not been served, the clerk shall send
20      notice to the plaintiff to show good cause in writing why
21      service on that defendant is not complete. If good cause
22      is not shown within 30 days after distribution of the
23      notice, the court shall dismiss without prejudice the
24      action as to that defendant. The clerk may enter the
25      dismissal if the plaintiff has not opposed dismissal. If
26      the court finds good cause why service has not been made,
27      the court shall establish a new deadline by which
28      plaintiff must file proof of service or proof that
29      plaintiff has made diligent efforts to serve.

30 In terms of seeking to define the phrase "responsive
31 pleading" some clarification is attempted and
32 discussed, but not necessarily provided, in <u>Kelly
33 Ruckle v. Anchorage School District And State Of</u>

ELLIS LAW OFFICES, INC.                    Defendant Summary Judgment 11-05 Proceeding
1285 TONGASS AVENUE                  GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                               DECEMBER 2, 2005
907-225-9661 FAX 907-225-6086                              Personal Injury Slip & Fall
alo@kpunet.net-11                                          CASE NO. K05-0005CV

DEC-02-2005 12:05PM   FAX:907 225 2335   ID:   PAGE:010 R=100%

*Alaska, Department Of Education And Early Development*, 85 P. 3d 1030, 1038 (Alaska 2004) sets forth the following:

> Ruckle argues that the superior court erred in striking her complaint, because she should have been permitted to amend her complaint once as a matter of course without seeking leave of the court since a responsive pleading had never been served as required by Civil Rule 15(a). Whether Rule 15(a) permits amendment without leave of the court after an order of dismissal has been entered is a question of first impression in Alaska.
>
> Essentially, Ruckle argues that, because a responsive pleading was never filed, we should liberally construe Rule 15(a) to allow her to amend her complaint without leave of the court within a reasonable time of service of the order dismissing the complaint. The parties agree that there is no Alaska rule explicitly addressing this issue and that the federal courts are divided as to whether the right to amend a pleading under Rule 15(a) without leave of the court survives a dismissal order.
> ...
> The second approach, which has been followed in the majority of circuits, is that the right to amend without leave terminates upon the entry of an order of dismissal.

No order of dismissal was entered herein and it should not be.

Respectfully submitted from Ketchikan, Alaska as of the date next below written.

DATE: FRIDAY, DECEMBER 2, 2005.

ELLIS LAW OFFICES, INC.
Attorneys for Plaintiff

By _____
Peter R. Ellis    Alaska Bar No. 6503009

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901
907-225-9661 FAX 907-225-6086
elo@kpunet.net-12

Defendant Summary Judgment 11-05 Proceeding
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 2, 2005
Personal Injury Slip & Fall
**CASE NO. K05-0005CV**

DEC-02-2005 12:05PM     ID:     PAGE:011   R=100%