Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
801 West 10th St., Suite 300
Juneau, AK 99801
(907) 586-3340
pmhoffman@romea.com
Attorneys for Safeway, Inc.

**FILED**

DEC 1 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT KETCHIKAN

GERALD EDENSHAW, )
          )
        Plaintiff, )
    vs.   )
          )
SAFEWAY, INC., CARR'S QUALITY )
CENTER and SAFEWAY FOOD & DRUG. )
          )
        Defendant. )
_____ ) Case No. K05-0005CV (RRB)

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

Defendant, Safeway, Inc., (Safeway), moved the court for a summary judgment dismissal of this action pursuant to Federal R. Civ. P. 4(e) and (h), 12(b) (5) and 15(c) and Alaska's statute of limitations on personal injury claims found in AS 09.10.070, as plaintiff failed to name a known defendant in his complaint before the running of the statute, failed to properly make service of process in the manner and within the time required by Federal R. Civ. P. 4(e) and (h) on a known defendant, and then amended his complaint to name Safeway, Inc., apparently in the hopes that there

would be a relation back to when the complaint was filed against non-entities. Safeway moved for this summary judgment of dismissal for failure to state a claim, as the statute of limitations expired before the naming of and service on a known defendant. Previous motions were made in the State Court on similar issues under State Rules, and the defense was preserved in the Answer filed on September 6, 2005.

Edenshaw opposed the motion on December 2, 2005, (1) relying on the previous decision of State Superior Court Judge Thompson as the "law of the case" and (2) relying on State law to argue that failure to name a known defendant should be ignored or overlooked because plaintiff had waited until the last minute to file the complaint, and anyway, fictitious names are as good as real entity names.

### Statement of Facts

The facts as stated in Safeway's opening memorandum were not challenged as incorrect. Edenshaw only wishes to add (1) that his counsel was in a rush to file the complaint, (2) that his counsel did not recall specific entity information from a previous case he had filed against and settled with Safeway and (3) the assertion that fictitious names are the same as legal names.

The complaint in state court was filed on May 6, 2005, four days before the running of the statute of limitations. Summonses were issued to Safeway Food and Drug and Carrs Quality Center, but were never served and there are no returns of service as how can one show service on a fictitious entity?

Reply Memorandum in Support of Motion for Summary Judgment of Dismissal
Page 2 of 7

## Argument

The central issue in this motion is if naming Safeway, Inc. in the First Amended Complaint filed on June 30, 2005, the statute of limitations having expired on May 10, 2005, relates back to the initial filing of a complaint on May 6, 2005 when the actual defendant (Safeway, Inc.) was known to the plaintiff and his counsel before they filed the complaint and before the statute of limitations expired? Put another way, is the statute of limitations two (2) years plus 120 days from the filing of a complaint, even if the plaintiff and counsel knew or should have known the identity of the proper defendant they wished to sue? Is "carelessness" or lack of diligence in naming the actual, known defendant actually a "mistake" as contemplated by Rule 15(c)?

Federal R. Civ. P., Rule 15(c)(3)(B) deals with the specific issue in this case regarding amendments to pleadings and relation back of such amendments to an earlier original pleading. The rule states as follows:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> (1) . . .
>
> (2) . . .
>
> (3) . . . the party to be brought in by amendment . . . (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Safeway does not believe there could have been a legitimate, reasonable mistake of identity of the proper party to sue by Mr. Edenshaw and his counsel and that the so-called "mistake" asserted by Edenshaw is not one recognized as meeting

Reply Memorandum in Support of Motion for Summary Judgment of Dismissal
Page 3 of 7

the requirements of the Rule.

First, Edenshaw has raised the issue of whether Judge Thompson's Order of August 20, 2005 denying a motion similar to this one under State Law precludes this Court's consideration of the issue under the doctrine of "law of the case. "Law of the case" does not apply in this instance. There was no previous decision under the Federal Rules of Civil Procedure and this is a procedural issue controlled by Federal Rules as discussed in the opening memorandum. *In re the Glacier Bay*, 746 F. Supp 1379, 1390 (Dist. Ct. Alaska 1990). In *Carpenter v. Land O'Lakes, Inc.*, 880 F. supp. 758, 761 (Dist. Oregon 1995) a similar argument was made and disposed of as follows:

> The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. Unlike the doctrine of stare decisis, however, law of the case is a discretionary doctrine.... The law of the case will not be enforced where it is clearly erroneous or where doing so would produce an injustice.
>
> *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir.1987) (citations omitted). The law of the case most commonly applies when a case is remanded after an appeal. *Id.* However, the law of the case may apply when a federal district court reviews matters previously decided in state court involving the same parties. *Gage v. General Motors Corp.*, 796 F.2d 345 (10th Cir.1986). A federal court is not bound by any rule of state practice that conflicts with one of the Federal Rules of Civil Procedure. *Redfield, supra.*
>
> While the defendants argue that the rulings of the state court judge constitute the law of the case and must be upheld in this court, the orders of dismissal entered in the state court do not contain the judge's rationale for dismissing portions of the Carpenters' second amended complaint. This court will make an independent assessment pursuant to Rules 12(b) and 12(f) of the Federal Rules of Civil Procedure in order

Reply Memorandum in Support of Motion for Summary Judgment of Dismissal
Page 4 of 7

to determine whether the complaint filed in this court is sufficient under federal law. *Redfield, supra*, 818 F.2d at 605. Accordingly, the court will address the motions of the defendants against the complaint under Rules 12(b) and 12(f) of the Federal Rules of Civil Procedure.

In as much as federal procedural rules control the present issue and the State Court Judge provided no rationale for his decision, this Court should decide the question in this motion under the Federal Rules of Civil Procedure.

It is easier to understand the flaw in Edenshaw's argument re his "mistake" in not naming Safeway, Inc. in the first instance by considering the facts as if "John Does" had been originally named as defendants. The naming, as the original complaint did, of fictitious entities had no more legal value than naming John Does. They are in neither case legal entities and there is no way to obtain legal service of process on them.

There is no assertion by Edenshaw that he did not know the name of the actual defendant. As acknowledged in the opposition, this case for Edenshaw has been reviewed previously by Mr. Fred Miller. Such is discussed in the Affidavit of Arthur Levine. Mr. Edenshaw came to Mr. Ellis after Mr. Miller must have told him about the conversation with Mr. Levine and declined to proceed against Safeway, Inc. Edenshaw's present attorney knew about that and could have called Mr. Miller if he needed to be reminded of the name of the legal entity that owned the store where the alleged slip and fall happened. Instead, Edenshaw's counsel only says he was rushed and forgot his earlier case involving the same store and the defendant, Safeway, Inc.

Reply Memorandum in Support of Motion for Summary Judgment of Dismissal
Page 5 of 7

But there was no rush with four more days within to file and still be within the statute of limitations. Safeway did not keep any secrets or hide its status as owner of the store. Edenshaw was simply less than diligent in naming and serving the entity he and his counsel knew or certainly should have known was the entity they wanted to sue. Edenshaw cavalierly decided to wait to name the correct entity and did not even mail the original complaint to the local store manager until nearly a month after the complaint was filed.

Edenshaw did not address the cases of *Heath v. AT&T*, page 8 slip opinion 2005 WL 2206498 (N.D. Cal. 2005) or *Razilov v. Nationwide Mutual Ins. Co.*, page 8, 2004 WL 3090083 (D. Or. 2004) on which Safeway relied in the opening memorandum to explain the meaning of "mistaken identity" in the Civil Rule. Edenshaw also did not address the specific issue of "mistaken identity" under State law as discussed in the opening memorandum. Apparently he was unable to distinguish his own inadvertence from that described in those cases. Any attempt to rationalize the failure by claiming that Safeway, Inc. was not a "new party" to this litigation on June 30, 2005, nearly two months after the running of the statute of limitations is belied by the actions taken by Edenshaw to file an Amended Complaint at that time with prompt service on its Registered Agent in Alaska. If the issue was correcting the name, a motion to do so along with service of one of the initially obtained Summonses would have been Edenshaw's action.

It is now appropriate to grant the motion for a summary judgment of dismissal.

The complaint from the start failed to name a known defendant. The service of the original complaint was never accomplished in a legal manner on any entity. Leave to amend the complaint will be futile as the motion to dismiss would have to be granted since there can be no relation back under Fed. Rule 15(c) under the circumstances in this case.

DATED this 12th day of December, 2005

ROBERTSON, MONAGLE & EASTAUGH, P.C.

By: /s/ Paul M. Hoffman
Paul M. Hoffman, ABA No. 7410083
Of Attorneys for Safeway, Inc.

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the **Reply Memorandum in Support of Motion for Summary Judgment of Dismissal** was mailed this 12 day of December, 2005 to:

Peter Ellis, Esq.
1285 Tongass Avenue
Ketchikan, AK 99901

/s/ Laurie Gyles-Chesnut
Laurie Gyles-Chesnut