IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GERALD EDENSHAW,<br><br>      Plaintiff,<br><br>vs.<br><br>SAFEWAY INC., CARR'S QUALITY CENTER, and SAFEWAY FOOD & DRUG,<br><br>      Defendant. | Case No. K05-0005 CV (RRB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR DISMISSAL** |

      Before the Court is Defendant Safeway, Inc., Carr's Quality Center and Safeway Food & Drug ("Defendant") with a Motion for Summary Judgment [or] Dismissal (Docket No. 12).  Defendant argues the Court should dismiss this action for failure to state a claim because the statute of limitations expired before the action was properly filed against it.  Plaintiff Gerald Edenshaw ("Plaintiff") opposes at Docket No. 14 and argues the present matter should <u>not</u> be dismissed because,

> The filing of an amended complaint did not add a further cause of action nor did it add an additional party.  The amendment simply clarifies and correctly identifies the exact

> corporate name under which [Defendant] operates it's [sic] subsidiary stores utilizing the names of Carr's and Safeway Drug.[1]

The Court agrees.

In essence, "[w]hat is really at issue is the ability of a Plaintiff to correctly identify a Defendant by adding its legal name, to the d/b/a/ names used in the initial filing."[2] Therefore, Pursuant to Fed. R. Civ. P. 15(c)(3)(B),[3] and because Defendant was clearly placed on notice that a suit had been brought against it, as of the filing of Plaintiff's original Complaint,[4] Defendant's Motion for Summary Judgment [or] Dismissal (Docket No. 12) is hereby **DENIED**.

---

[1]  Clerk's Docket No. 14 at 1-2.

[2]  Clerk's Docket No. 14 at 4.

[3]  Fed R. Civ. P. 15 provides in relevant part:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

**(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

[4]  See Clerk's Docket No. 1, Ex. A.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR DISMISSAL - 2
K05-0005 CV (RRB)

Moreover, the Court notes State Superior Court Judge Thompson previously addressed the present matter before removal and denied the same.[5]  Consequently, utilizing its broad discretion, the Court further concludes Judge Thompson's ruling is the "law of the case."[6]

ENTERED this 6th day of January, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[5]   Id., Ex. M.

[6]   The law of the case doctrine provides:

> [W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.  Unlike the doctrine of stare decisis, however, law of the case is a discretionary doctrine . . . .  The law of the case will not be enforced where it is clearly erroneous or where doing so would produce an injustice.

Clerk's Docket No. 16 at 4 (citation omitted).