Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
801 West 10th St., Suite 300
Juneau, AK 99801
Telephone: (907) 586-3340
Facsimile: (907) 586-6818
e-mail: pmhoffman@romea.com
Attorneys for Safeway, Inc.

Peter R. Ellis, Esq.
1285 Tongass Avenue
Ketchikan, AK 99901
Telephone: (907)225- 9661
Facsimile: (907) 225-6086
e-mail: elo@kpunet.net
Attorney for Gerald Edenshaw

**FILED**

JAN 2 4 2006

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

### AT KETCHIKAN

| | |
|---|---|
| **GERALD EDENSHAW,** )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>**SAFEWAY, INC., CARR'S QUALITY** )<br>**CENTER** and **SAFEWAY FOOD & DRUG.** )<br>)<br>Defendant. )<br>) | Case No. K05-0005CV (RRB)<br><br>SCHEDULING AND PLANNING<br>CONFERENCE REPORT |

1.    **Meeting.** In accordance with Fed.R.Civ.P. 26(f), a meeting was held on

January 23, 2006 and was attended by:

>    Peter R. Ellis, attorney for Gerald Edenshaw

>    Paul M. Hoffman, attorney for Safeway, Inc.

The parties recommend the following:

2.    **Pre-Discovery Disclosures.** The information required by Fed.R.Civ.P. 26

(a)(1)f:

>    ___ have been exchanged by the parties.



_X_ will be exchanged by the parties by February 12, 2006.

Proposed changes to disclosure requirements: 20 days after planning meeting date of January 23, 2006:

Preliminary witness lists

___ have been exchanged by the parties

_X_ will be exchanged by the parties by February 12, 2006 with initial disclosures to be supplemented with newly discovered persons on April 2, 2006.

3.     **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

A. Liability of the Defendant.

B. Comparative negligence of the Plaintiff.

C. Compensatory damages sustained by the Plaintiff.

D. Damage deductions pursuant to third party beneficiary receipts.

4.     **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

A. Discovery will be needed on the following issues:

1. Liability of Defendant.

2. Comparative fault of Plaintiff.

3. Damages sustained by Plaintiff.

4. Prior repairs and repair need reports of which the Defendant has knowledge.

5. Witness statements and medical records.

B. All discovery commenced in time to be completed by November 24, 2006 which is the discovery closing date.

C. Limitations on discovery:

1. Interrogatories.

_X_ No change from Fed.R.Civ.P. 33(a).

___ Maximum of  by each party to any other party.

Responses due in 30 days.

2.  Requests for Admissions.

_X_ No change from Fed.R.Civ.P. 36(a).

___ Maximum of ___ requests.

Responses due in 30 days.

3. Depositions.

_X_ No change from Fed.R.Civ.P. 36(a).

___ Maximum of ___ depositions by each party.

Depositions not to exceed 3 hours unless agreed to by all parties.

D. Reports from retained experts.

___ Not later than 90 days before the close of discovery subject to

Fed.R.Civ.P. 26(a)(2)(C).

_X_ Reports due: from Plaintiff on September 24, 2006, from Defendant on

October 24, 2006.

E. Supplementation of disclosures and discovery responses are to be made:

_X_ Periodically at 60-day intervals from the entry of scheduling and

planning order.

___ As new information is acquired, but not later than 60 days before the

close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may

wish to call at trial, will be due:

_X_ 45 days prior to the close of discovery

___ Not later than 45 days prior to November 24, 2006.

5.    **Pretrial Motions.**

_X_ No change from D.Ak.LR 16.1(c).

The following changes to D.Ak.LR 16.1(c). [Check and complete all that apply]

___ Motions to amend pleadings or add parties to be filed not later than 60

days after January 24, 2006.

SCHEDULING & PLANNING CONFERENCE REPORT          3

___ Motions under the discovery rules must be filed not later than.

___ Motions in limine and dispositive motions must be filed no later than.

6.  **Other Provisions.**

A.  _X_ The parties do not request a conference with the court before the entry of the scheduling order.

___ The parties request a scheduling conference with the court on the following issue(s):

B.  Alternative Dispute Resolution [D.Ak.LR 16.2].

_X_ This matter is not considered a candidate for court-annexed alternative dispute resolution.

___ The parties will file a request for alternative dispute resolution not later than

___ Mediation    ___ Early Neutral Evaluation

C.  The parties ___ do _X_ not consent to trial before a magistrate judge.

D.  Compliance with the Disclosure Requirements of Fed.R.Civ.P. 7.1.

_X_ All parties have complied ___ Compliance not required by any party

7.  **Trial.**

A.  The matter will be ready for trial:

_X_ 70 days after the discovery close date.

___ not later than

B.  This matter is expected to take 5 days to try, 2 ½ days each..

C.  Jury Demanded _X_ Yes ___ No

Right to jury trial disputed?  ___ Yes  _X_ No

Dated: 01/23/06

Peter C. Ellis, Esq.
Attorney for Gerald Edenshaw

Dated: 01/23/06

Paul M. Hoffman, Esq.
Attorney for Safeway, Inc.

SCHEDULING & PLANNING CONFERENCE REPORT          4