avoiding the risk. *Id*. at 733. (footnote omitted.)

However, the *Webb* case has neither done away with the need for plaintiffs to prove negligence (*Sauve v. Winfree,* 985 P.2d 997 (Alaska 1999),[6] See also *City of Seward v. Afognak Logging,* 31 P.3d 780 (Alaska 2001)) nor the ability of the court to grant summary judgment in the appropriate circumstance. (*Dinsmore-Poff v. Alvord,* 972 P.2d 978, 986 (Alaska 1999)).[7]

     Safeway acknowledges its duty to maintain the property (store floor) in a reasonably safe condition. That duty was met as there was nothing found on the floor in observations just before Mr. Edenshaw's fall or right after his fall that could have caused the fall. Also in meeting that duty Safeway had both a regularized method of finding hazards to correct them in the hourly "sweep" and trained its employees to

---

[6] "In *Webb*, we held that a landlord's liability would no longer turn on the status of the plaintiff as trespasser, licensee, or invitee. See *id*. at 732. But as the superior court points out, the abandonment of the common law classifications of injured parties does not aid in the determination of who has the duty of care to such parties." *Sauve* at 1000, fn. 16.

[7] This case involved a parent's duty to control a potentially dangerous child. There was general foreseeability on account of the child's earlier problems, but no specific alarms at the time of this event. The Court analyzed the situation this way:

> The Alvords, however, showed that nothing should have led them to foresee, in mid-April 1993, a specific need and opportunity to keep Hall from hurting someone. We might thus say that they owed Dinsmore no duty. Or we might say that they owed Dinsmore, along with the rest of the world, a general duty to be prepared to control Hall. Nothing, however, had happened to convert that duty into a duty to act; i.e., to put the Alvords on notice that they must take steps to prevent Hall from imminently, foreseeably harming someone. On either view, summary judgment was proper.

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

immediately correct any hazard upon seeing it.[8] Safeway therefore met the burden of the duty of reasonable care and the claim against it should be dismissed. ***Monroe v. Safeway, Inc.***, 121 Wash. App. 1011, 2004 WL 831458 (Wash. App. Div. 1) is a similar case where summary judgment was granted and affirmed on appeal.[9] Citing to earlier cases the court stated:

> Reasonable care requires a proprietor to 'inspect for dangerous conditions and provide such repair, safeguards, or warning as may be reasonably necessary to protect its customers under the circumstances.'
>
> . . .
>
> Emerson personally inspected the dairy aisle floor only 20 minutes before her slip. Monroe does not carry the burden of raising a question of fact as to the reasonableness of a 20-minute interval between inspections.

Here we have two people, Leah Ibale and Lance Lyons, who inspected the floor within five minutes before Mr. Edenshaw's fall, and found nothing amiss with the floor condition. Mr. Edenshaw has no evidence that such an interval of inspection was unreasonable.

Alaska law has not developed specialized rules of law to deal with retail store

---

[8] ***State v. Abbott***, 498 P.2d 712, 725 (Alaska 1972), a case on negligence cited in ***Webb*** makes clear that actual or constructive "notice of the dangerous condition," is a relevant and necessary element of the negligence cause of action for failure to maintain property in a reasonably safe condition.

[9] RCWA 2.06.040 on so-called unpublished decisions does not prohibit reference to such cases, but without precedential value. "The parties may of course borrow arguments and reasons wherever they may find them" ***Marathon Oil Co. v. Babbitt***, 938 F. Supp. 575, 579 (D. AK 1996). Judges may rely on unpublished decisions for whatever persuasive power those decisions might have. ***McCoy v. State***, 80 P.3d 751, 753 (Alaska App. 2002), opinion on rehearing, 80 P.3d 757, 758-64 (Alaska App.

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

premises liability, despite the intricate rules developed in other states. Safeway

believes these rules from other states assist in understanding and applying the Alaska

generalized rule. As to notice, "the unsafe condition must either be caused by the

proprietor or his employees, or the proprietor must have actual or constructive notice

of the unsafe condition." *Pimentel v. Roundup Company,* 666 P.2d 888, 893 (WA

1983). In addition, "The plaintiff must still prove that defendant failed to take

reasonable care to prevent the injury." *Id* In Booker v. K-Mart Corporation, 805

N.Y.S.2d 226 (City Court, City of Buffalo, 2004) it was noted:

> From a review of the relevant pattern jury instruction (PJI 2:90) we
> learn for a plaintiff to recover on a slip and fall claim he or she must
> prove (1) that the premises were not reasonably safe, (2) that the
> defendant was negligent in not keeping the premises in a reasonably
> safe condition , and (emphasis added) (3) that the defendant's
> negligence in allowing the unsafe condition to exist was a substantial
> factor in causing the plaintiff's injuries.

There was no hazard on the floor clearly identified by anyone as the cause of

Mr. Edenshaw's fall. The Safeway employees who were there saw nothing on the

floor before or after the fall. Mr. Edenshaw and Ms. Wallace did not specifically see

anything on the floor before or after the fall on which Mr. Edenshaw slip causing a

fall. They engage in speculation and surmising that they think they saw something

black, a streak, or small and round, and that he would not have fallen unless he

slipped on something. Such as situation was discussed in *Brown v. The Twins Group-*

*PH, LLC*, 2005 WL 1939888(Ohio App. 2 Dist.) where it is stated:

2003).

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

But if an injured patron cannot identify the cause of her fall, a finding of negligence is precluded.  (citations omitted)

Initially, we find that Brown cannot identify what caused her to trip and fall. Brown alleges she tripped on a corner of the mat that was flipped up. Shortly prior to the fall, Noble saw the mat laying flat and straight. While both Brown and Brewer saw several deliverymen walk back and forth over the area, neither saw the mat flipped up. Although Brewer asserts Brown's shoe caught on the mat, he did not see a flipped up corner of the mat cause her fall. Brown only noticed that a corner of the mat was flipped up after she fell. She did not know whether it was flipped up before she fell, or if her fall flipped it up. Brown cannot identify what caused her to fall. As a result, a finding of negligence is precluded.

For Mr. Edenshaw to acknowledge that he tripped over his own feet would intuitively end his case. Everyone has a duty to take due care for their own safety. (*Wilson v. Kotzebue*, 627 P.2d 623, 630-1 (Alaska 1981)(Discussion of general rule that a person is liable for the consequences of the person's own negligent act.).

Yet the fact that Mr. Edenshaw and Ms. Wallace can not identify that he actually slipped on something that should not have been on the floor and they do not know anything about the procedures and practices of Safeway that would have identified and corrected any floor hazard during the minutes before he fell also defeats his claim. That situation was more directly discussed in *Acevedo v. York International Corporation*, 31 A.D.3d 255, 818 N.Y.S.2d 83 (Sup. Ct. App. Div. 2006) where the plaintiff alleged slipping on a oil spill.

We have consistently held that in order for a plaintiff to establish a prima facie case of negligence, he or she must show that the oil or foreign substance was "present under circumstances sufficient to charge the defendant with responsibility therefor" (*Goodman v. 78 W. 47th*

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

*Street Corp.*, 253 A.D.2d 384, 386, 677 N.Y.S.2d 116 [1998] [internal quotation marks and citations omitted]; *see Lewis v. Metro. Transp. Auth.*, 99 A.D.2d 246, 250, 472 N.Y.S.2d 368 [1984], *affd.* 64 N.Y.2d 670, 485 N.Y.S.2d 252, 474 N.E.2d 612 [1984] ). In other words, we have required proof that the defendant either had actual or constructive knowledge of the dangerous condition or proof that defendant caused the condition to be created. Thus, we have rejected mere speculation as inadequate to sustain the cause of action (*Segretti v. Shorenstein Co., E., L.P.*, 256 A.D.2d 234, 682 N.Y.S.2d 176 [1998] ).

In *Coleman v. Ernst Home Center, Inc.*, 853 P.2d 473 (Wash. App. 1993) a customer was injured when he tripped and fell on a carpet at the entrance of the store. He notified the manager who found upon inspection several pieces of carpet were missing. The claim was dismissed when the plaintiff failed to submit evidence of actual or constructive notice. *Id.* at 476. "Coleman fails to present any evidence at all concerning how long the dangerous condition existed." The court when on to note:

> No one could seriously argue that the store had a duty to inspect the entryway in Morton every 4½ minutes, or even every 5 minutes.
>
> "However, owners of property are not insurers against all happenings that occur on the premises." *Fernandez v. State ex rel. Department of Hwys.*, 49 Wash. App. 28, 36, 741 P.2d 1010 (1987).

There is no evidence of a lack of due care by Safeway when dealing with the potential for hazards on the floor.[10] Safeway had both the regularized, hourly method

---

[10] Unlike Peak in *Shade v. Co & Anglo Alaska Service Corp.*, 901 P.2d 434 (Alaska 1995) whose summary judgment was overturned by the Alaska Supreme Court, Safeway has presented evidence of a standard for maintenance and evidence that it met that standard. In *Shade* the Court noted as follows:

> We believe that in order to demonstrate that its conduct prior to the accident was reasonable, as Peak attempted to do in its summary judgment motion, it was incumbent upon Peak to present some evidence of the following: the appropriate standard for maintenance of

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY, SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

of keeping the floors of the store free of hazards and training of its employees to make

observations and take responsibility for floor as they went about their duties. As noted

in *Jasko v. Woolworth*, 494 P.2d 839, 840 (CO 1972):

> [T]he storekeeper is allowed a reasonable time, under the circumstances, to discovery and correct the condition, unless it is the direct result of his (or his employees') acts.

The evidence is that the Safeway employees were aware of the floor condition

minutes before and after the Mr. Edenshaw's fall, observing no floor hazards and

would have corrected any hazard as soon as there was notice of such. Plaintiff has

neither presented nor even alleged any countering evidence.

**C.**      *Res ipsa loquitur* **does not apply:** The First Amended Complaint (Docket No.

7 & 9) reads as if the theory of *res ipsa loquitur* applied. It does not. Allegations that

Mr. Edenshaw slipped and therefore Safeway is negligent do not state a claim for

relief. Mr. Edenshaw had control of where he was walking in the 12 foot aisle when

exiting the store. Other patrons could have an effect on the conditions of the floor. For

Mr. Edenshaw to succeed, he must show that there was notice to Safeway of the

hazard on the floor, a reasonable time to remedy that hazard and/or that such remedy

was not done in a reasonable fashion. None of those allegations are made and none,

even if made, can be sustained as against the undisputed facts.

The requirements of the doctrine of r*es ipsa loquitur* in Alaska are as follows:

> the Grove manlift, the manner in which Peak had maintained the PB
> 1470, and whether that maintenance met or exceeded the appropriate

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

> (1) the accident is one which ordinarily does not occur in the absence of someone's negligence;
> (2) the agency or instrumentality is within the exclusive control of the defendant;
> (3) the injurious condition or occurrence was not due to any voluntary action or contribution on the part of the plaintiff.

These requirements are "a bridge, dispensing with the requirement that a plaintiff specifically prove breach of duty, once that duty and proximate cause have been established," and apply only when an accident ordinarily does not occur in the absence of negligence. *State Farm Fire & Cas. Co. v. Municipality of Anchorage,* 788 P.2d 726, 730 (Alaska 1990) (quoting *Widmyer v. Southeast Skyways, Inc.*, 584 P.2d 1, 10 (Alaska 1978)). None of those three elements are present here.

In dealing with an injury to a patron of a retail store, the court in *Las v. Yellow Front Stores, Inc.*, 831 P.2d 744, 746 (WA App. 1992) found that the doctrine of *res ipsa loquitur* did not apply to the situation where a pan had fallen and injured the patron's foot. Without showing negligence on the part of the store owner, the plaintiff was unable to sustain his case and summary judgment was appropriate. Similarly the Territorial District Court case of *Lucas v. City of Juneau*, 168 F. Supp. 195, 198 (D. Territory of Alaska 1958) stated in a claim against Sears that a supposed slip and fall caused by a pencil stub found on the floor after the fall would not incline the Court "to view the doctrine of '*res ipsa loquitur*' as being properly invoked to raise a presumption of negligence under the circumstances presented here."

standard. Id. at 438.

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

**D. Safeway makes a prima facie showing that would entitle it to a directed verdict:** There is no inference of negligence against Safeway in this case just because Edenshaw fell to the floor. The facts show that the floor was without any hazard. Unfortunately Mr. Edenshaw, without looking where he was stepping (Edenshaw p. 35,) had a trip or slip and fell.

These facts would entitle Safeway to a directed verdict and so support summary judgment unless contradicted by plaintiff with admissible evidence. As stated in ***McGlothlin***, *supra*:

> Once the moving party has established a prima facie case, "the non-movant is 'required, in order to prevent entry of summary judgment, to set forth specific facts showing that he could produce admissible evidence reasonably tending to dispute or contradict the movant's evidence, and thus demonstrate that a material issue of fact exists. (at footnote) ***Jennings v. State,*** 566 P.2d 1304, 1309 (Alaska 1977) (quoting ***Howarth v. First Nat'l Bank of Anchorage,*** 540 P.2d 486, 489-90 (Alaska 1975)) (internal brackets omitted).

As shown in the statement of facts, Mr. Edenshaw has no other evidence, as he does not really know if slipped on something on the floor, he does not know of any notice to Safeway of a hazard on the floor, he knows nothing of the time the "little black thing" might have been on the floor and he knows nothing of the procedure and inspections by Safeway that kept the floor free of hazards.

## III. Conclusion

The undisputed facts show that Safeway both had a system of checking for floor hazards so they would be remedied on a regular basis and Safeway also

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818

trains it employees to take immediate action to remedy a floor hazard. The employees here knew of that rule and assert they adhered to that standard. Here the floor was observed minutes before and after the fall, as well as there having been a "sweep" within the previous hour. The floor where Mr. Edenshaw fell was free of hazards. The actions of Safeway are the embodiment of reasonable due care for a retail store. With these undisputed facts, Safeway would be entitled to a directed verdict, which could be seen as either no reasonable minds could say that Safeway's actions were other than consistent with the standard of reasonable care, or the responsibility for Mr. Edenshaw's fall was entirely his own. This case should be dismissed with prejudice.

DATED this 3rd day of October, 2006.

ROBERTSON, MONAGLE & EASTAUGH, P.C.

By:    /s/ Paul M. Hoffman
        Paul M. Hoffman, ABA No. 7410083
        Of Attorneys for Safeway, Inc.

CERTIFICATION OF SERVICE

I hereby certify that on the 3rd day of October, 2006 I served true and correct copies of the **Memorandum in Support of Motion for Summary Judgment, Affidavits of Leah Ibale, Lance Lyons and Paul Denton, excerpts from the depositions of Plaintiff and Monica Wallace and copies of** *Brown v. The Twins Group-PH, LLC, et al* **and** *Monroe v. Safeway, Inc.* upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

        Peter Ellis, Esq.
        1285 Tongass Avenue
        Ketchikan, AK  99901

    /s/  Anne O'Leary
Anne O'Leary

ROBERTSON, MONAGLE & EASTAUGH, P.C.
9360 GLACIER HWY. SUITE 202
JUNEAU, ALASKA 99801
PHONE: (907) 586-3340 • FAX (907) 586-6818