**Westlaw.**

Slip Copy       Page 1
Slip Copy, 2005 WL 1939888 (Ohio App. 2 Dist.), 2005 -Ohio- 4197
**(Cite as: Slip Copy)**

C

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Second District, Clark County.
Rita D. BROWN Plaintiff-Appellant
v.
THE TWINS GROUP-PH, LLC, et al. Defendants-Appellees
**No. 2004CA59.**

Aug. 12, 2005.

**Background:** Restaurant customer brought personal injury action against restaurant owner arising from her trip and fall in mat area near counter. The Common Pleas Court, No. 04 CV 0057, entered summary judgment for owner. Customer appealed.

**Holdings:** The Court of Appeals, Clark County, Donovan, J., held that:

(1) customer failed to identify what caused her to trip and fall, and

(2) restaurant's mats were an open and obvious hazard.

Affirmed.

Fain, J., concurred and filed opinion in which Brogan, P.J., concurred.

**[1] Negligence 272 €—1104(5)**

272 Negligence
　　272XVII Premises Liability
　　　　272XVII(D) Breach of Duty
　　　　　　272k1100 Buildings and Structures
　　　　　　　　272k1104 Floors
　　　　　　　　　　272k1104(5) k. Rugs, Carpets and Mats. Most Cited Cases

**Negligence 272 €—1229**

272 Negligence
　　272XVII Premises Liability
　　　　272XVII(I) Proximate Cause
　　　　　　272k1227 Buildings and Structures
　　　　　　　　272k1229 k. Floors; Slips and Falls. Most Cited Cases

Restaurant customer failed to identify what caused her to trip and fall in mat area near counter, thus precluding a finding of negligence against restaurant owner; although customer alleged she tripped on a corner of mat that was flipped up, customer saw the mat lying flat and straight shortly prior to her fall, customer and her friend observed several deliverymen walk back and forth over the area prior to customer's fall but did not see the mat flipped up, friend did not see a flipped corner of mat cause customer's fall, and customer only noticed that a corner of mat was flipped up after she fell.

**[2] Negligence 272 €—1022**

272 Negligence
　　272XVII Premises Liability
　　　　272XVII(B) Necessity and Existence of Duty
　　　　　　272k1021 Duty of Store and Business Proprietors
　　　　　　　　272k1022 k. In General. Most Cited Cases

**Negligence 272 €—1076**

272 Negligence
　　272XVII Premises Liability
　　　　272XVII(C) Standard of Care
　　　　　　272k1075 Care Required of Store and Business Proprietors
　　　　　　　　272k1076 k. In General. Most Cited Cases

Restaurant's mats near counter were an open and obvious hazard, and thus, restaurant owner did not owe customer a duty to protect her from them, despite claim that mats were difficult to see; customer knew restaurant had mats in front of store, having been to restaurant several times before, customer stepped on other mats that were exactly the same, customer waited in restaurant for 15 minutes with an unobstructed view of area prior to her fall, customer knew floor mats occasionally flipped up, fall occurred when restaurant's lights were on during

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 2
Slip Copy, 2005 WL 1939888 (Ohio App. 2 Dist.), 2005 -Ohio- 4197
**(Cite as: Slip Copy)**

daylight hours, mats and flooring were not the same color, and mats had black trim designating the edges.

(Civil Appeal from Common Pleas Court.

Stacey Robert Pavlatos, Atty. Reg. No. 0012392, Springfield, Ohio, for Plaintiff-Appellant.

Ray C. Freudiger, Atty. Reg. No. 0055564 and James T. Pregon, Atty. Reg. No. 0075262, Dayton, Ohio, for Defendant-Appellee, The Twins Group-PH, LLC.

*OPINION*

DONOVAN, J.

**\*1** {¶ 1} Rita Brown is appealing the judgment of the Clark County Common Pleas Court, which granted summary judgment in favor of Twins Group-PH, LLC ("Twins").

{¶ 2} On August 1, 2003, Brown entered a Pizza Hut restaurant and ordered her food at the right side of the counter. An employee, Brian Sargraves, took her order. Brown walked to the beverage dispenser for her drink. After getting her beverage, she sat at a table and waited for her order. While waiting, she spoke with a friend, Chris Brewer, who was seated at a nearby table. During this fifteen minute wait, Brewer and Brown noticed several deliverymen walk in front of the counter. Brewer saw several employees kick the mats to straighten them. When Brown's order was ready she went to the left side of the counter to pick it up. After getting her order, Brown turned to walk towards the door. With her first step, she tripped and fell, breaking a bone near her shoulder, requiring surgery.

{¶ 3} Neither Sargraves or John Noble, the store manager, observed the cause of Brown's fall. Noble had observed the mat fifteen to twenty minutes earlier. The mat was not flipped up at that time. But when she fell, Brown felt her left foot catch presumably on the mat. After she fell, both she and Noble noticed a corner of the mat was folded over. Brown kicked at the mat and exclaimed, "damn rug." Noble replied, "I know, I know" and repeatedly apologized. Brewer heard either Sargraves or Noble say "the rugs do that." Both Brown and Brewer claimed the lighting in the restaurant was poor, particularly where Brown fell. They asserted the floor mats were difficult to see because the floor mat and flooring were similar colors yet both acknowledged observing the mats. The tile was a dark reddish brown color with black grout. The mats were purportedly red with black trim. The restaurant had three floor mats in the front of the store. The mats were not secured to the floor. Although she walked on other mats, Brown did not step on the mat that she purportedly tripped over before she fell.

{¶ 4} A few days after Brown's fall, Noble called to check on her. During the call, he mentioned he had "to do something about those mats in that area." He continued, "I know. I trip over them all the time myself."

{¶ 5} Brown filed this suit against Twins, who owned the restaurant where she fell. Twins moved for summary judgment. The trial court granted the motion. Brown has filed this appeal, raising the following assignments of error.

{¶ 6} "[1.] The trial court erred to the prejudice of the Appellant in applying the open and obvious doctrine to the facts of this case.

{¶ 7} "[2.] The trial court erred to the prejudice of the appellant in concluding that reasonable minds could come to only one conclusion and that the appellee was entitled to summary judgment."

{¶ 8} We will address Brown's assignments of error together because she argues in both that the court erred in granting summary judgment to Twins. Brown asserts the court erred in finding the mat was an open and obvious hazard. Brown argues a genuine issue of material fact remained as to whether the mats were a hazard that Twins should have taken reasonable steps to prevent from causing injury to others. We disagree.

**\*2** {¶ 9} Our review of the trial court's decision to grant summary judgment is *de novo*. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343, 1997-Ohio-221; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.

{¶ 10} A business invitee enters another's premises by invitation for a purpose that is beneficial to the owner. Gladon v. Greater Cleveland Regional

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Transit Authority,* 75 Ohio St.3d 312, 315, 662 N.E.2d 287, 1996-Ohio-137. The premise's owner owes to an invitee a duty of ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81. The owner must keep the premises in such a condition that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. A shopkeeper need not protect a patron from dangers that the invitee either knows about or "are so obvious and apparent to such invitee that he may be reasonably expected to discover them and protect himself against them." *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, syllabus.

{¶ 11} Ohio cases addressing invitee's slips and falls on mats have reached differing results on whether the danger was open and obvious. A wrinkle in a mat in a store was found to be open and obvious where the store was brightly lit, nothing obstructed the patron's view, and the patron intentionally stepped on the rug. *Wilson v. Big Bears Stores Co.* (April 4, 1994), Warren App. No. CA93-09-070. A floor mat whose corner was curled up was an open and obvious danger where the lobby was well lit and nothing obstructed the patron's view. *Smock v. Bob Evans Farms, Inc.,* Lorain App. No. 02CA008075, 2003-Ohio-832. But, when the room is poorly lit and the mat is the same color as the floor, the danger has not been found to be open and obvious. *Miller v. Beer Barrel Saloon* (May 24, 1991), Ottawa App. No. 90-OT-050.

{¶ 12} A patron does not have a duty to constantly look downwards. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.,* 81 Ohio St.3d 677, 680-681, 693 N.E.2d 271, 1998-Ohio-602. But if an injured patron cannot identify the cause of her fall, a finding of negligence is precluded. *Russell v. Creatif' Catering* (Dec. 4, 1998), Montgomery App. No. CA17031; *Harshaw v. Trotwood Foodtown* (Jan. 24, 1996), Montgomery App. No. CA15125.

[1] {¶ 13} Initially, we find that Brown cannot identify what caused her to trip and fall. Brown alleges she tripped on a corner of the mat that was flipped up. Shortly prior to the fall, Noble saw the mat laying flat and straight. While both Brown and Brewer saw several deliverymen walk back and forth over the area, neither saw the mat flipped up. Although Brewer asserts Brown's shoe caught on the mat, he did not see a flipped up corner of the mat cause her fall. Brown only noticed that a corner of the mat was flipped up after she fell. She did not know whether it was flipped up before she fell, or if her fall flipped it up. Brown cannot identify what caused her to fall. As a result, a finding of negligence is precluded.

*3 [2] {¶ 14} We next address Brown's argument that the mats were not open and obvious because they were difficult to see. Brown knew the restaurant had mats in the front of the store. Brown had been to this restaurant several times before. Even though Brown did not step on this particular mat prior to her fall, she stepped on the restaurant's other mats, which were exactly the same. Further, she waited in the restaurant fifteen minutes, observing activity in the area of the mats. Her view was unobstructed during that time. Brown admitted she knew floor mats occasionally flip up and that one should exercise care when walking on mats to avoid tripping. Brown clearly knew mats were present in the area she traversed.

{¶ 15} Brown argues that the mats were difficult to see because the restaurant was dimly lit and the mats were a similar color as the floor. But at the time of her fall, all of the restaurant's lights were on and it was 6:00 p.m. on 8-1-03, obviously daylight. The flooring and the mats were also not the same color. The flooring was a reddish brown tile approximately twelve inches by six inches with black grout, whereas the mat was red and several feet in length. The mat had black trim to designate its edges. Brewer had no difficulty seeing the mats from his table. Even if the restaurant was poorly lit, the mats were still open and obvious because Brown knew mats were present, she walked on the other identical mats, the mats were distinguishable from the flooring in color and dimension, and her frequent visits to the restaurant alerted her to their existence.

{¶ 16} The mats were placed on the floor as a safety measure to prevent people from falling. Although it is common for a mat's corners to flip up, the mats were not hazards. Even if they had been, they were open and obvious. Since the mats were open and obvious, Twins did not owe a duty to protect Brown from them. No reasonable juror could have concluded that Twins was negligent in failing to warn Brown of the hazard a flipped mat may pose. No genuine issue of material fact exists, thus summary judgment was proper. Brown's assignments of error are without merit and are overruled.

{¶ 17} The judgment of the trial court is affirmed.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FAIN, J., concurring.FAIN, J.

{¶ 18} I concur both in the opinion and judgment of the court. I write separately merely to indicate my reasons for joining in a decision in what I consider to be a close case.

{¶ 19} It is not the duty of the owner of business premises to protect an invitee from all exposure to the risk of harm, but only to protect against unnecessary and unreasonable exposure to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. Brown's theory of negligence in this case is that she tripped over a mat, causing her to fall. The mat was open and obvious. The closer question is whether the hazard posed by the mat was open and obvious.

{¶ 20} One difficulty in analyzing whether the hazard posed by the mat was open and obvious is that it is not clear what attribute of the mat caused Brown's fall. At the oral argument of this case, Brown's counsel theorized that there was a wrinkle in the mat, and that Brown's shoe caught on the edge of the wrinkle (at the edge of the mat, presumably), causing her to trip and fall. Alternatively, the thickness of the mat itself, being the difference in elevation between the floor and the top surface of the mat, was what caught Brown's shoe. Another possibility is that a corner of the mat was flipped over, and that it was this flipped-over portion of the mat that caught Brown's shoe, although this theory seems to be at variance with some evidence in the case.

*4 {¶ 21} All of these potential hazards posed by the mat would seem to be obvious, in the sense that one expects a free-standing mat to: (1) wrinkle frequently; (2) have a thickness; and (3) have a flipped-over corner frequently. They are not unreasonable hazards that a frequenter of commercial establishments with free-standing mats could not be expected reasonably to foresee. Furthermore, they are necessary hazards of free-standing mats, and the mats, themselves, are reasonable to employ to avoid potentially greater hazards posed by liquids or slippery solids spilling onto the floor.

{¶ 22} In my view, therefore, the mere fact that employees of the defendant store were aware that employees and patrons had slipped or tripped over the mats in the past [FN1] would not, in itself, establish that Brown was exposed to an unnecessary and unreasonable danger.

FN1. I realize that this evidence is disputed, but the evidence must be viewed in a light most favorable to Brown, since summary judgment was rendered against her.

{¶ 23} I am unable to distinguish the facts in this case from the facts in *Barlow v. Thorne Foods, Inc.* (June 20, 1985), Carroll App. No. 505, a case cited by Brown. In *Barlow,* a patron of a grocery store tripped over a four foot by seven foot carpet with plain rubber backing between the exit and the check out counter. As in the case before us, the plaintiff was not sure what caused her to trip over the mat. Likewise, as in the case before us, there was evidence that others had "tripped or stumbled" over the mat in the past. If *Barlow* is still good law in the Seventh Appellate District Court of Appeals, I would regard our judgment in this case to be in conflict with the judgment in *Barlow.*

BROGAN, P.J., concurs with Judge Fain's concurring opinion.
Ohio App. 2 Dist.,2005.
Brown v. The Twins Group-PH LLC
Slip Copy, 2005 WL 1939888 (Ohio App. 2 Dist.), 2005 -Ohio- 4197

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.