Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK 99801
(907) 586-3340 - phone
(907) 586-6818 - fax
pmhoffman@romea.com
Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT KETCHIKAN

| | |
|---|---|
| GERALD EDENSHAW,<br><br>               Plaintiff,<br>v.<br><br>SAFEWAY, INC., CARR'S QUALITY CENTER and SAFEWAY FOOD & DRUG,<br><br>               Defendant. | Case No. 5:05-CV-0005-RRB |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS

Safeway, Inc. moved to dismiss Plaintiff's claims for non-compliance with several provisions of the Scheduling and Planning Order, making it impossible for plaintiff to present a prima facie case at trial. Plaintiff has not filed either a Final Witness list per paragraph 5 or expert witness lists or expert witness disclosures per paragraph 4 of the Scheduling and Planning Order of January 25, 2006 (document 20) and the parties stipulation (Document 21) and approving Order (Document 22).

Paragraph 5 of the Scheduling and Planning Order states that "Only those

witnesses so disclosed [on the final revised witness list] will be permitted to testify at trial." Without either proper disclosures of expert's materials or any witnesses to call from a final witness list (that is to include experts), plaintiff can not make out a prima facie case, or actually any case at all, such that his case should be dismissed at this time. Such a sanction is authorized by Fed. R. Civ. P. 16(f) wherein it states:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . , the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

There is no reason known to defendant why plaintiff could not comply with the requirements of filing an expert witness disclosure or the filing of a final witness list. These were respectively due 53 and 14 days before the date of this motion. Authorized orders under provisions of both subparts of Rule 37(b)(2)(B), (C) would be dismissal of plaintiff's claims. It would be best for all.

DATED this 16th day of October 2006.

ROBERTSON, MONAGLE & EASTAUGH

/s/ Paul M. Hoffman
Paul M. Hoffman, AK Bar No. 7410083
Attorneys for Defendant Safeway, Inc.

Memorandum in Support of Motion to Dismiss Plaintiff's Claims
Edenshaw v. Safeway, Inc., Case No. K05-0005CV (RRB)                    Page 2 of 3

## CERTIFICATE OF SERVICE

On the 16th day of October 2006, I served a true and correct copy of the within Motion to Dismiss Plaintiff's Case upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

    Peter Ellis, Esq.
    1285 Tongass Avenue
    Ketchikan, AK  99901

and filed the original of same with the United States District Court at Ketchikan via the CM/ECF filing system.

    /s/ Anne O'Leary
    Anne O'Leary