```
 1  Peter R. Ellis
 2  ELLIS LAW OFFICES, INC.
 3  1285 Tongass Avenue
 4  Ketchikan, Alaska  99901
 5  907-225-9661 Office
 6  907-225-6086 Fax
 7  elo@kpunet.net
 8  Attorney for GERALD EDENSHAW
 9  Alaska Bar No. 6503008
```

10           UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AT
11                                      KETCHIKAN

12  GERALD EDENSHAW,                )
13              Plaintiff,          )
14       vs.                        )
15  SAFEWAY, INC., CARRS            )
16  QUALITY CENTER and SAFEWAY      )
17  FOOD & DRUG ,                   )
18              Defendants.         )   CASE NO. 5:05-CV-0005-RRB
19  _____    )

20  **REPLY TO DEFENDANTS' OPPOSITION TO MOTION BY**
21  **PLAINTIFF TO EXTEND THE TIME ALLOWED FOR THE**
22  **RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY**
23  **JUDGMENT**

24  COMES NOW the above PLAINTIFF, GERALD EDENSHAW, through
25  Peter R. Ellis as counsel of ELLIS LAW OFFICES, INC. and
26  serves on DEFENDANTS this reply to the DEFENDANTS'
27  OPPOSITION to the motion for an extension of time until
28  December 29, 2006 in which to file the Plaintiff Opposition
29  To Defendants Motion For Summary Judgment filed as of the
30  date of October 3rd, 2006. The DEFENDANTS' OPPOSITION is
31  dated as of October 16, 2006.  DEFENDANTS assert the
32  existence of adequate notice contradicting PLAINTIFF
33  allegations and do so pursuant to the submission of an
34  exhibit consisting of a letter to counsel for PLAINTIFF sent

ELLIS LAW OFFICES, INC.                              PLAINTIFF EXTENSION REQUEST
1285 TONGASS AVENUE        GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                      OCTOBER 19, 2006

907-225-9661 FAX 907-225-6086                        Personal Injury Slip & Fall

elo@kpunet.net-2            CASE NO. 5:05-CV-0005-RRB              E105P014.SAM

1  under date of June 30th, 2006. In terms of further
2  background Exhibit 1 is attached as to a letter written by
3  legal counsel on behalf of PLAINTIFF and in order to address
4  desires for consideration of settlement potentials. The
5  only response thereto was Exhibit A, The depositions of
6  which DEFENDANTS complain were necessary in order to afford
7  PLAINTIFF the opportunity to further present his position
8  and the testimony of his witness to the fall and her belief
9  that an object had been on the floor of DEFENDANTS'
10 premises.

11 The time now required in accordance with the extension
12 requested is for the PLAINTIFF to reflect upon the
13 differences which exist between himself and his legal
14 counsel and to search for and obtain other legal counsel if
15 he chooses to do so and can find the same. December 31st is
16 not an unreasonable deadline under the circumstances and in
17 view of plaintiff counsel absence from Ketchikan and the
18 PLAINTIFF need to presumably obtain legal counsel elsewhere
19 to substitute for present PLAINTIFF counsel.

20 It is totally inappropriate for present legal counsel to
21 present an opposition to the motion for summary judgment if,
22 in fact, PLAINTIFF does choose to secure other counsel to
23 proceed in his behalf. It is certainly not appropriate to
24 force PLAINTIFF to take a further position without providing
25 PLAINTIFF with ample time to consider both the litigation

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-3

CASE NO. 5:05-CV-0005-RRB

PLAINTIFF EXTENSION REQUEST
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
OCTOBER 19, 2006

Personal Injury Slip & Fall

E105P014.SAM

1  and the conflicts that exist between PLAINTIFF and his legal
2  counsel.
3              DATE:     OCTOBER 19, 2006
4              PETER R. ELLIS of ELLIS LAW OFFICES, INC.
5              As Counsel for GERALD EDENSHAW
6              By _____
7              Peter R. Ellis Alaska Bar No. 6503008


8  CERTIFICATE OF SERVICE
9  THIS IS TO CERTIFY that pursuant
10 to this certificate the
11 undersigned has transmitted to
12 the Court by CM/ECF and to the
13 office listed below the foregoing
14 document and any documents
15 hereinafter listed in accordance
16 with the following, to-wit:

17 PAUL M. HOFFMAN
18 ROBERTSON, MONAGLE
19   & EASTAUGH, P.C.
20 9360 GLACIER HWY., SUITE 202
21 JUNEAU, ALASKA 99802

22 DOCUMENTS:
23   REPLY TO OPPOSITION TO MOTION
24   FOR EXTENSION OF TIME TO
25   RESPOND TO SUMMARY JUDGMENT

26 MANNER OF SERVICE:
27   CM/ECF           [ YES ]
28     pmhoffman@romea.com
29   MAIL             [ NO ]
30   FAX              [ NO ]

31 DATE: 10/19/06.
32
33 ELLIS LAW OFFICES, INC.
34
35 By _____
36   Jeri Lester

---

ELLIS LAW OFFICES, INC.                                      PLAINTIFF EXTENSION REQUEST
1285 TONGASS AVENUE          GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                      OCTOBER 19, 2006

907-225-9661 FAX 907-225-6086                                Personal Injury Slip & Fall

elo@kpunet.net-4            CASE NO. 5:05-CV-0005-RRB       E105P014.SAM

# ELLIS LAW OFFICES, INC.

1285 Tongass Avenue
KETCHIKAN, ALASKA 99901

907-225-9661 Office
907-225-6086 Fax

Peter R. Ellis
elo@kpunet.net

**FILE COPY**

Paul M. Hoffman
Robertson, Monagle & Eastaugh, P.C.
Goldbelt Place, Suite 300
801 West 10Th Street
Juneau, Alaska 99801

Re: Gerald Edenshaw Slip & Fall Carr's Safeway

This letter is written for the purpose of having Safeway seriously consider a settlement offer of $_____ as to the above litigation. It would be my belief that the following factors are clearly relevant in terms of settlement considerations:

1.0  Edenshaw witness Monica Wallace will testify as to having observed an object on the floor when she looked back at Gerald leaving the check stand with bagged groceries. She saw him fall and then recover to continue toward her and proceed outside to the car when he told her that he had hurt his knee and was unable to go back to report the accident but would appreciate her doing so. She accordingly went back to the check stand area and advised the store employees present that Gerald had hurt his knee to the extent that it was felt the accident should be reported and was told that he should be taken to the Ketchikan General Hospital emergency room for examination and treatment to the extent required. This then occurred. The object on the floor as seen was not identified but appeared to be the size and perhaps shape of a grape.

2.0  Hospital complications and treatment resulted in substantial and outstanding medical expense with full recovery not accomplished and a current disability which substantially handicaps Edenshaw in terms of employment as a welder and on the job movement and actions required in performing welding tasks assigned. The prospect of knee recovery sufficient to return to full working capacity is questionable and particularly in terms of apparent further needs for second surgery efforts.

3.0  This litigation has been moved to Federal District Court with a future trial prospect here in Ketchikan and consequent substantial defense costs in terms of defense counsel neds to travel to the Ketchikan area for not only trial but for witness deposition needs. In terms of trial time a minimum of 5 days will be required and the defense costs in pursuing the same will be considerable.

4.0  Edenshaw is without any assets and, in the event of a defense verdict, the recovery of any costs or attorneys fees by Safeway will not occur.

2
3

PLAINTIFF EXHIBIT 1 TO EXTENSION REPLY
PAGE 1 OF 2 PAGES

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-5

CASE NO. 5:05-CV-0005-RRB

PLAINTIFF EXTENSION REQUEST
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
OCTOBER 19, 2006

Personal Injury Slip & Fall

E105P014.SAM

5.0    Although we might evaluate the liability on a 50-50 basis we do not consider this liability to be affected by any comparative negligence factors since we know of no negligence on the part of Edenshaw other than an apparent failure to detect an object on the Safeway premises which he failed to see and which the sole witness did observe.

6.0    As plaintiff counsel we do not find that there is a prospect of a substantial recovery adverse to Safeway and for the reason that there are complicating medical and disability factors *that a jury will presumably evaluate and use to discount the extent of pain and suffering and lost compensation attributable to the accident.* There is not then a great deal of incentive to pursue what appears to be a costly endeavor from the viewpoint of plaintiff counsel and as a result of these negative factors which will affect any judgment award.

7.0    In terms of a favorable judgment accruing interest, this is certainly a factor as to any recovery. In view of the time that has now transpired since the date of the accident and will presumably continue for at least several years if settlement does not occur at this point in time the accrual of interest could well be substantial.

Safeway's consideration therefore of a ▓▓▓▓ settlement figure at this time would be appreciated. Thank you for your further evaluation and position as to the same.

Yours truly,
ELLIS LAW OFFICES; INC.

By
    Peter R. Ellis

Attachment Plus Enclosure:

1.0    Monica Wallace Witness Statement.

2.0    Extra Letter And Witness Statement Copy

PLAINTIFF EXHIBIT 1 TO EXTENSION REPLY
PAGE 2 OF 2 PAGES

ELLIS LAW OFFICES, INC.                              PLAINTIFF EXTENSION REQUEST
1285 TONGASS AVENUE                  GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                      OCTOBER 18, 2006

907-225-9661 FAX 907-225-6086                                Personal Injury Slip & Fall

elo@kpunet.net-6          CASE NO. 5:05-CV-0005-RRB                E105P014.SAM