Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK  99801
(907) 586-3340 - phone
(907) 586-6818 - fax
pmhoffman@romea.com
Attorneys for Safeway, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT KETCHIKAN

| | |
|---|---|
| **GERALD EDENSHAW,**<br><br>                    Plaintiff,<br>       v.<br><br>**SAFEWAY, INC., CARR'S QUALITY CENTER and SAFEWAY FOOD & DRUG,**<br><br>                    Defendant. | Case No. 5:05-CV-0005-RRB |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF'S CLAIMS

Safeway, Inc. moved (Document 29) to dismiss Plaintiff's claims for non-compliance with several provisions of the Scheduling and Planning Order, making it impossible for plaintiff to present a prima facie case at trial. Plaintiff has now filed a Final Witness as of October 23, 2006, and an Opposition to the Motion (Document 33), but continues to avoid filing the expert witness disclosures per paragraph 4 of the Scheduling and Planning Order of January 25, 2006 (document 20) and the parties stipulation (Document 21) and approving Order (Document 22). The Witness List filed by Plaintiff, without expert witness disclosures provides no information from the expert

that the necessary tort elements of cause and proximate cause will have any support in the evidence.

Other than referencing what plaintiff told him about the left knee and ankle, there is nothing in the treating medical records of Dr. Schwartz to support a finding of fact that there is a proximate cause or causal link between the fall in the Safeway store and the treatment. Safeway objects to allowing Dr. Schwartz to testify to any opinion or conclusion that has not been disclosed per the Scheduling and Planning Order of January 25, 2006 (document 20).

Paragraph 5 of the Scheduling and Planning Order required the filing of the final witness list on or before October 2, 2006 and states that "Only those witnesses so disclosed [on the final revised witness list] will be permitted to testify at trial." No reasonable excuse or explanation is given for the failure to comply with that order. The Scheduling and Planning Order of January 25, 2006 (document 20) does not provide that the deadlines may be ignored or will be excused unless the other party is able to carry a burden of showing prejudice.

Without either proper disclosures of expert's materials or any witnesses to call from a final witness list (that is to include experts), plaintiff can not make out a prima facie case, or actually any case at all, such that his case should be dismissed at this time. Such a sanction is authorized by Fed. R. Civ. P. 16(f) wherein it states:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . , the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders

provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

There is no reason known to defendant why plaintiff could not comply with the requirements of filing an expert witness disclosures or the filing of a final witness list. These were respectively due 53 and 14 days before the date of the motion. Authorized orders under provisions of both subparts of Rule 37(b)(2)(B), (C) would be dismissal of plaintiff's claims. It would continue to be best for all.

ROBERTSON, MONAGLE & EASTAUGH

DATED: October 30, 2006.         /s/ Paul M. Hoffman
                                 Paul M. Hoffman, AK Bar No. 7410083
                                 Attorneys for Defendant Safeway, Inc.

### CERTIFICATE OF SERVICE

On the 30th day of October 2006, I served a true and correct copy of the within Reply Memorandum in Support of Motion to Dismiss Plaintiff's Claims upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

   Peter Ellis, Esq.
   1285 Tongass Avenue
   Ketchikan, AK  99901

and filed the original of same with the United States District Court at Ketchikan via the CM/ECF filing system.

        /s/ Anne O'Leary
           Anne O'Leary