Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK 99801
(907) 586-3340 - phone
(907)586-6818 - fax
pmhoffman@romea.com
Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT KETCHIKAN

| | |
|---|---|
| GERALD EDENSHAW, )<br>)<br>        Plaintiff, )<br>   vs. )<br>)<br>SAFEWAY, INC., CARR'S QUALITY )<br>CENTER and SAFEWAY FOOD & DRUG. )<br>)<br>        Defendant. )<br>_____ ) | Case No. 5:05-CV-0005-RRB |

**REPLY MEMORANDUM IN SUPPORT OF SAFEWAY'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, Safeway, Inc., (Safeway), moved the Court for a summary judgment dismissal of this action pursuant to Federal R. Civ. P. 56 and D. Ak. LR 7.1, for plaintiff's failure to state a claim upon which relief can be granted. (Document 25) Plaintiff moved for an extension of time to oppose and was granted an extension per Minute Order from Chambers. (Document 31) Plaintiff filed an opposition on October 27, 2006 that fails to provide any basis for continuing this case. (Document 34)

## I. Statement of Facts

The statement of facts are as set out in Safeway's opening memorandum, with the addition of plaintiff's affidavit dated October 26, 2006. He now recalls that he "felt something under my foot and at that point I slipped and fell. . ." At the time of his deposition on September 11, 2006, he had the following to say on this subject at page 45, line 21 through page 46 line 24 of the deposition transcript:

```
21  Q   And you're telling me today that on the day this happened
22      when it happened you were aware of there being a
23      blackberry or blueberry or something?
24  A   There was something.
25  Q   Something?
 1  A   I can't exactly -- if it could -- could have been a
 2      berry, I just know it was small, small round you know
 3      about like that size or something I guess, I don't know.
 4      Could have just -- I seen something there but I -- wait a
 5      minute.  No, that's Monica telling me what she saw me
 6      fall on.  That's not exactly what I seen because I was
 7      just walking out and fell and that's all that stuck in my
 8      head because she tried describing something to me so
 9      mostly I was.....
10  Q   What you're telling me now is what she described for you
11      or what you remember?
12  A   That's the part I'm having a problem with like who's
13      because I know she -- I know she described it to me as
14      well.  Getting up -- I don't -- I can't recall hundred
15      percent if I told her anything.  I just like I said I
16      just remember trying to get the heck out of there and if
17      I remember right I guess if what the hell did I fall on
18      or what.....
19  Q   Now the thing that you saw did you step on it or is that
20      something that you saw as you were getting up?
21  A   It was something I slipped on because I had to slip on
22      something.  I just don't walk out a door and just fall.
```

___

>   23    But she's the one that described it, yeah, she describes
>   24       seeing something but.....

Edenshaw saw nothing on the floor prior to his falling. Edenshaw p. 35. Upon getting up, he has some vague recollection of seeing something small and black, but does not know for sure what it was, as it could have been a streak on something, which he did not touch and it could be a remembrance of what Ms. Wallace told him. Edenshaw pp. 44-47. He also does not know that he stepped on "the small black thing" or anything else on the floor. Edenshaw p. 46-47. He believes he would not have fallen without there being something on the floor. Edenshaw pp. 46-47. He does not know when the floor had been inspected and what procedures Safeway has for maintaining the floors in the store in a reasonably safe condition. Edenshaw p. 81.

Whether Mr. Edenshaw's change of memory is now sufficient to create a **_genuine_** issue of material fact about the existence of an object on the floor is perhaps open to philosophical debate. It is not sufficient to preclude summary judgment on the issues of lack of notice and Safeway acting with reasonable care.

In summary, the floor was clear at the time of the sweep by Gary Watts some time after 6:00 p.m. Affidavit of Paul Denton paragraph 9. The floor area where Edenshaw fell was walked and inspected by Leah Ibale and Lance Lyons just minutes before Edenshaw fell. The floor area where Edenshaw fell was inspected within moments after the fall by Leah Ibale and Lance Lyons and nothing was found on the floor. Pictures taken of the floor within 7-8 minutes after the fall by Paul Denton show the floor without anything on

it except some random black boot marks. When Ms. Wallace returned to the store within minutes of leaving the store with Edenshaw, she did not see anyone cleaning the floor and did not inspect the floor herself.

## II. Points and Authorities:

Whether or not there was some small black thing on the floor, which may or may not be a issue of fact based on the tenuous testimony of plaintiff and his friend, summary judgment is appropriate as plaintiff has not at all addressed the issues of lack of notice to Safeway of a small black thing on the floor and Safeway's reasonable care under the facts presented here. As previously argued by Safeway, without any significant countering argument from plaintiff, res ipsa loquitur does not apply to make the simple existence of an object on the floor proof, or even any evidence, of a lack of reasonable care.

Safeway previously sited **Coleman v. Ernst Home Center, Inc.**, 853 P.2d 473 (Wash. App. 1993) where a customer was injured when he tripped and fell on a carpet at the entrance of the store. He notified the manager who found upon inspection several pieces of carpet were missing. The claim was dismissed when the plaintiff failed to submit evidence of actual or constructive notice. *Id.* at 476. Two cases relying on that holding in Washington, **Barker v. Skagit Speedway, Inc.**, 82 P.3d 244, 247 (Wash. App. 2003) and **Frederickson v. Bertolino's Tacoma, Inc.**, 127 P.3d 5, 8-9 (Wash. App. 2005), reiterated the need for a showing of notice of the dangerous condition and approved summary judgment where such as lacking.

Safeway met the burden of the lack of notice and the fulfilling of the duty of reasonable care and the claim against it should be dismissed.[1] Here we have two people, Leah Ibale and Lance Lyons, who inspected the floor within five minutes before Mr. Edenshaw's fall, and they found nothing amiss with the floor condition. Mr. Edenshaw has no evidence that such an interval of inspection was unreasonable. These issues were thoroughly discussed in the opening memorandum. There is no disputed issue of material fact about the lack of notice to Safeway and that Safeway had implemented a reasonable standard of care to maintain the floors of the store in a reasonably safe condition for its customers. Safeway acted with reasonable care to meet that standard to maintain its premises in a reasonably safe condition for its customers. Edenshaw's theory of liability against Safeway, implicit in the opposition, would make Safeway the insurer of his safety throughout the time he was in the store. That would be unreasonable.

### III.  Conclusion

The undisputed facts show (1) that Safeway had a system of checking for floor hazards so they would be remedied on a regular basis (2) Safeway trained its employees to take immediate action to remedy an observed floor hazard, (3) the employees knew of that rule and adhered to that standard, (4) the floor was observed minutes before and after

---

[1] *State v. Abbott*, 498 P.2d 712, 725 (Alaska 1972), is a case on negligence cited in ***Webb v. City and Borough of Sitka,*** 561 P.2d 731,733 (Alaska 1977). This case makes clear that actual or constructive "notice of the dangerous condition," is a relevant and necessary element of the negligence cause of action for failure to maintain property in a reasonably safe condition.

the fall, and (5) the floor where Mr. Edenshaw fell was observed by them to be free of hazards.

The actions of Safeway in this case are the embodiment of reasonable due care for a retail store. With these undisputed facts of having acted reasonably as a land owner, Safeway is entitled to summary judgment. The claim of Mr. Edenshaw should be dismissed with prejudice.

ROBERTSON, MONAGLE & EASTAUGH, P.C.

Dated: October 30, 2006    By:    /s/ Paul M. Hoffman
Paul M. Hoffman, ABA No. 7410083
Of Attorneys for Safeway, Inc.

CERTIFICATION OF SERVICE

I hereby certify that on the 30th day of October, 2006 I served true and correct copies of the **Reply Memorandum in Support of Motion for Summary Judgment** upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

Peter Ellis, Esq.
1285 Tongass Avenue
Ketchikan, AK  99901

  /s/   Anne O'Leary
Anne O'Leary