IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GERALD EDENSHAW,

       Plaintiff,

vs.

SAFEWAY, INC., CARR'S QUALITY
CENTER, and SAFEWAY FOOD &
DRUG,

       Defendants.

Case No. 5:05-cv-0005-RRB

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

Before the Court is Defendant Safeway, Inc., d/b/a Carr's
Quality Center and Safeway Food & Drug ("Safeway") with a Motion
for Summary Judgment at Docket 25.  Safeway argues that Plaintiff
Gerald Edenshaw ("Edenshaw") has no claim, as a matter of law, on
the undisputed facts such that his claim(s) should be dismissed
with prejudice.[1]   In particular, Safeway contends that the facts
show that Edenshaw fell, tripping over his own feet, while walking
sideways and that Safeway acted with reasonable care in maintaining

---

[1]    Docket 25 at 2.

the floor where Edenshaw fell.[2]   Edenshaw opposes at Docket 34 and contends that it is for a jury to determine the credibility of witness Monica Wallace ("Wallace") and to evaluate her testimony, as well as that of Edenshaw that he did step on and trip over an unknown object which he believed caused his fall.[3]

The ultimate determination as to whether Safeway "<u>acted with reasonable care</u> in maintaining the floor where Edenshaw fell"[4] constitutes an issue of material fact.  As such, Safeway's Motion for Summary Judgment at **Docket 25** must be **DENIED**.

## II.  FACTS

This is a slip and fall case.  On or about May 10, 2003, Edenshaw walked from a checkout stand toward the entrance/exit of the Safeway store in Ketchikan, Alaska, where Wallace, who had been shopping with him, was waiting.  "Just after he left the checkout stand, he fell to the floor, somewhat to one side, rapidly got up and left the store at a normal pace with his left ankle hurting."[5]

> Upon getting up, [Edenshaw] has some vague recollection of seeing something small and black, but does not know for sure what it was, as it could have been a streak on something, which he did not touch and it could be a remembrance of what . . . Wallace told him.

---

[2]    Docket 26 at 2.

[3]    Docket 34 at 7.

[4]    Docket 26 at 2 (emphasis added).

[5]    <u>Id.</u> (citation omitted).

He also does not know that he stepped on "the small black thing" or anything else on the floor. He believes he would not have fallen without there being something on the floor.[6]

Looking back from the entrance/exit door, . . . Wallace believes she saw something small and black on the floor at the location of Edenshaw's fall. She does not know if he stepped on what she saw, does not know if he slipped on something, but believes he would not have fallen unless he slipped on something.[7]

Upon learning of the incident, Safeway employees looked for any object or item that could have caused Edenshaw to slip or stumble and found none.[8] There were, however, several boot marks on the floor.[9] Safeway alleges these boot marks constitute an every day occurrence in a region where many people wear boots due to local weather conditions.[10]

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to

---

[6]     Id. at 3 (citations omitted).

[7]     Id. at 3-4 (citations omitted).

[8]     Id. at 7.

[9]     Id.

[10]     Id. (citation omitted). Inasmuch as the remaining facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

judgment as a matter of law.  The moving party has the burden of
showing that there is no genuine dispute as to material fact.[11]
The moving party need not present evidence; it need only point out
the lack of any genuine dispute as to material fact.[12]   Once the
moving party has met this burden, the nonmoving party must set
forth evidence of specific facts showing the existence of a genuine
issue for trial.[13]   All evidence presented by the non-movant must
be believed for purposes of summary judgment, and all justifiable
inferences must be drawn in favor of the non-movant.[14]   However,
the nonmoving party may not rest upon mere allegations or denials,
but must show that there is sufficient evidence supporting the
claimed factual dispute to require a fact-finder to resolve the
parties' differing versions of the truth at trial.[15]

   Moreover, the Court notes "[s]ummary judgment is <u>rarely</u>
granted in negligence cases because the issue of '[w]hether the

---

[11]   <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[12]   <u>Id.</u> at 323-325.

[13]   <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-9
(1986).

[14]   <u>Id.</u> at 255.

[15]   <u>Id.</u> at 248-9.

defendant acted reasonably is <u>ordinarily</u> a question for the trier
of fact.'  That is the case here."[16]

## IV.  DISCUSSION

### A.  Whether Safeway acted reasonably is a question of fact.

"As a general rule, landowners have a duty to use due
care to guard against unreasonable risks created by dangerous
conditions existing on their property."[17]   Indeed,

> A landowner or owner of other property must
> act as a reasonable person in maintaining his
> property in a reasonably safe condition in
> view of all the circumstances, including the
> likelihood of injury to others, the
> seriousness of the injury, and the burden on
> the respective parties of avoiding the risk.[18]

Safeway alleges its duty to maintain the floor at issue
in the present matter was met, as there was nothing found on the
floor in observations just before Edenshaw's fall or right after
his fall that could have caused the fall.[19]   Safeway further
alleges it acted with reasonable care under the facts presented

---

[16]    <u>Christensen v. Georgia-Pacific Corp.</u>, 279 F.3d 807, 813
(9th Cir. 2002)(<u>quoting</u> <u>Martinez v. Korea Shipping Corp., Ltd.</u>, 903
F.2d 606, 609 (9th Cir. 1990))(emphasis added).

[17]    <u>Schumacher v. City and Borough of Yukutat</u>, 946 P.2d 1255,
1258 (Alaska 1997)(<u>citing</u> <u>State v. Abbott</u>, 498 P.2d 712, 723
(Alaska 1972)).

[18]    <u>Id.</u> (citation omitted).

[19]    Docket 26 at 11.

here because it: (1) "had . . . a regularized method of finding hazards [in order] to correct them . . . ."[20] ; and (2) was never placed on notice (constructive or otherwise) of a "small black thing" on the floor.  Notwithstanding, and despite the fact that the evidence thus proffered weighs heavily in favor of Safeway, the ultimate determination as to whether a landowner or owner of other property acted reasonably is a question for the trier of fact.  As such, the Court concludes summary judgment is not appropriate.  The doctrine of <u>res ipsa loquitur</u>, however, does <u>not</u> apply.

B.    **The doctrine of res ipsa loquitur is not properly invoked**.

Edenshaw contends that since the object upon which he allegedly slipped was on the floor of Safeway's store, the doctrine of <u>res ipsa loquitur</u> is applicable and Safeway should be presumed to be negligent.  Edenshaw is incorrect.

The doctrine of <u>res ipsa loquitur</u>

[I]s applicable only where an instrumentality shown to be under the exclusive control of the defendant has produced some injury, and the injury that has resulted is normally of the type that would not have occurred but for some negligence of the one in whose hands control of the instrumentality rests.  Although a storekeeper is obligated to exercise ordinary care to keep the premises reasonably safe for the protection of those patronizing his store, the mere proof of injury within the store does not raise an inference that the proprietor has

---

[20]    <u>Id.</u>

control over a loose object causing injury
within the store nor does it presume that he
was negligent.  In cases such as this, it is
in most instances the question of control that
is in dispute and the issue to be determined.
For this reason, the Court is not inclined to
view the doctrine of 'res ipsa loquitur' as
being properly invoked to raise a presumption
of negligence under the circumstances
presented here.[21]

**V.   CONCLUSION**

Because there is a dispute of fact regarding whether
Safeway acted reasonably in maintaining their shopping center
premises and customer floor area which was for and available to
accommodate the shopping needs of Edenshaw,[22] the underlying issue
as to whether Safeway breached its duty of care cannot be decided
on summary judgment.  Safeway's Motion for Summary Judgment at
**Docket 25**, therefore, is hereby **DENIED**.

ENTERED this 14th day of November, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[21]     Lucas v. City of Juneau, 168 F. Supp. 195, 198 (D. Alaska
Terr. 1958)(citations omitted).

[22]     Docket 1, Ex. A at 1-2.