Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK 99801
(907) 586-3340 - phone
(907) 586-6818 - fax
Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT KETCHIKAN

| | |
|---|---|
| GERALD EDENSHAW, ) | |
| ) | |
|        Plaintiff, ) | |
| vs. ) | |
| ) | |
| SAFEWAY, INC., CARR'S QUALITY ) | |
| CENTER and SAFEWAY FOOD & DRUG. ) | |
| ) | |
|        Defendant. ) | |
| _____ ) | Case No. 5:05-CV-0005-RRB |

## MOTION FOR RECONSIDERATION

Safeway moves the court pursuant to Federal R. Civ. P. 6 and 59 and D. Ak. LR 59.1 to reconsider its November 14, 2006 Order (Docket 38) denying Safeway's motion for a summary judgment dismissal of this action.

**Statement of Facts:** Safeway's duty to maintain the floor at the location of Edenshaw's fall was met as there was nothing found on the floor in observations five minutes before his fall that could have caused the fall and Safeway was never placed on notice, constructive or otherwise, of anything on the floor at the location of Edenshaw's fall to have caused it. There are no facts to the contrary.

There is no evidence that Safeway did not conduct its usual methods of avoiding having hazards on the floor or that if there was something on the floor at the location of the fall, Safeway had notice of it. There is no question of fact for a trier of fact to resolve.

**Argument for Reconsideration:** Where the question of reasonable care is so clear with inspections/observations of the floor five minutes before Edenshaw's fall and no evidence that Safeway was on notice of any hazard on the floor at the time of the fall, the plaintiff has failed in his duty to produce admissible evidence reasonably tending to dispute or contradict the movant's evidence. The standard for summary judgment under Alaska State law[1] requires the non-movant to present or point to admissible evidence in order to meet his burden of showing a material issue of fact. To prevent entry of summary judgment the non-movant must, ". . . set forth specific facts showing that he could produce admissible evidence reasonably tending to dispute or contradict the movant's evidence, . . ." ***McGlothlin v. Municipality of Anchorage,*** 991 P.2d 1273, 1277 (Alaska 1999). It is not enough to assert that there was an object on the floor at the time of the fall. For the purposes of this motion, we will assume such an object was there. It is still a fact that it was not there five minutes earlier. It is unreasonable to require that Safeway clean up something it knew nothing about and require that Safeway make surveys for such items on the floor on less than five minute intervals.

This court has the ability and duty to grant summary judgment in appropriate circumstances, and this is one of those cases. We are not in the particular circumstances of this case dealing with a generalized duty of care, which is a duty that Safeway also met. As in ***Dinsmore-Poff v. Alvord,*** 972 P.2d 978, 986-7 (Alaska 1999)(involving a parent's duty to control a potentially dangerous child) there can be a general foreseeability on account of the business being conducted, but no specific information raising a duty at the time of this event. The Court in that case analyzed the situation this way:

> The Alvords, however, showed that nothing should have led them to foresee, in mid-April 1993, a specific need and opportunity to keep Hall from hurting someone. We might thus say that they owed Dinsmore no duty. Or we might say that they owed Dinsmore, along with the rest of the world, a general duty

---

[1] Alaska law, not Ninth Circuit Jones Act cases needing only the slightest of evidence to be sent to a jury, and having opposing expert opinions, is the law applicable to this diversity case. ***Erie R. Co. v. Thompkins***, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), ***Klingebiel v. Lockheed Aircraft Corp.***, 494 F.2d 345, 346 (9th Cir. 1974).

---

to be prepared to control Hall. Nothing, however, had happened to convert that duty into a duty to act; i.e., to put the Alvords on notice that they must take steps to prevent Hall from imminently, foreseeably harming someone. On either view, summary judgment was proper.[2]

There is no inference of negligence against Safeway in this case just because Edenshaw fell or there was a small black thing on the floor at the time of his fall, as the court determined, res ipsa loquitur does not apply. As stated in *Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell*, 956 P.2d 1199, 1203 (Alaska 1998):

> On the other hand, summary judgment is proper where the only reasonable inference from the undisputed facts is that one party owed another no duty whatsoever-or owed a duty clearly and vastly narrower in scope than the one that the other party asserts in opposing summary judgment.

The further discussion in *Dinsmore-Poff,* supra at 987-8 gives guidance on application of this idea:

> Even if a plaintiff could show no reason that the parents should have known of a specific need to control the child, the plaintiff could almost always posit some stricter regime of discipline and surveillance under which the parents might have *discovered* that need. We assume for the sake of discussion that parents' inadequate general efforts to monitor a violent child, in the period between the child's initial misconduct and the time immediately before the violence at issue, can support a plaintiff's case. But the plaintiff must first make some showing that the parents should have known at the time of a specific need and occasion to control their child. To send to a jury the general-measures argument alone would carry the rule of §316 too far towards making parents, once aware of their child's dangerous propensity, into insurers. . .

Likewise, Safeway should not be made into an insurer of its customer. The fact of no notice and a very short inspection period would entitle Safeway to a directed verdict, and so support summary judgment unless contradicted by plaintiff with admissible evidence. As stated in *McGlothlin*, *supra*:

> Once the moving party has established a prima facie case, "the non-movant is

---

[2] The case, *P.G. v. Dept. HHS*, 4 P. 326 (Alaska 2000), distinguishing *Dinsmore-Poff* in a general negligence situation, explains it is the concept of foreseeability that can determine when no duty to act is owed. So where Safeway met its generalized duty, and the interval of inspection was very short, Edenshaw must show notice re the small black thing to raise a specific duty to act.

---

'required, in order to prevent entry of summary judgment, to set forth specific facts showing that he could produce admissible evidence reasonably tending to dispute or contradict the movant's evidence, and thus demonstrate that a material issue of fact exists. (at footnote) ***Jennings v. State,*** 566 P.2d 1304, 1309 (Alaska 1977) (quoting ***Howarth v. First Nat'l Bank of Anchorage,*** 540 P.2d 486, 489-90 (Alaska 1975)) (internal brackets omitted).

Edenshaw has no evidence to show that Safeway was on notice to convert that general duty into a duty to act by taking steps to remove the small black thing from the floor. Neither he nor Safeway knew for how long the "little black thing" had been on the floor or how it got there. Here we have two people, Leah Ibale and Lance Lyons, who inspected the floor within five minutes before Edenshaw's fall, and found nothing amiss with the floor condition. Would the court uphold a verdict that such an interval of inspection was unreasonable?

While the method of analysis may differ in other states, the concept of not having a duty to act if there is no notice, or sufficient time to acquire notice when frequent hazards are foreseeable, the results are the same as shown in the cases previously cited: ***Acevedo v. York International Corporation***, 31 A.D.3d 255, 818 N.Y.S.2d 83 (Sup. Ct. App. Div. 2006) where the plaintiff alleged slipping on a oil spill and the court rejected speculation on actual or constructive knowledge of the dangerous condition; ***Coleman v. Ernst Home Center, Inc.***, 853 P.2d 473 (Wash. App. 1993) where a customer "fail[ed] to present any evidence at all concerning how long the dangerous condition existed." The court when on to note:

> No one could seriously argue that the store had a duty to inspect the entryway in Morton every 4½ minutes, or even every 5 minutes.

> "However, owners of property are not insurers against all happenings that occur on the premises." ***Fernandez v. State ex rel. Department of Hwys.***, 49 Wash. App. 28, 36, 741 P.2d. 1010 (1987).

As noted in ***Jasko v. Woolworth***, 494 P.2d 839, 840 (CO 1972):

> [T]he storekeeper is allowed a reasonable time, under the circumstances, to discover and correct the condition, unless it is the direct result of his (or his employees') acts.

Also in the following cases summary judgment was appropriate for lack of notice: ***Kangley v. U.S.***, 788 F.2d 533 (9th Cir. 1986) ("no evidence the government knew or should

---
Motion for Reconsideration
Edenshaw v. Safeway, Inc., Case No. 5:05-CV-0005-RRB                    Page 4 of 5

have known that the floor was wet"); ***Hagan v. P.C. Richards & Sons***, 813 N.Y.S.2d 167(App. Div. 2006) (no notice of wet condition); ***Adamchick v. Cracker Barrel Old Country Store,*** ___ S.E. 2d ___, 2006 WL 2555981(Ga. App. 2006) (inspection 15 minutes before fall and no actual or constructive knowledge); ***Roberson v. Winn-Dixie Atlanta, Inc***., 544 S.E.2d 494 (Ga. App. 2001) (inspection three times an hour, once 15 minutes before fall and no evidence of actual or constructive knowledge of grape on floor).

The evidence is that the Safeway employees were aware of the floor condition minutes before Edenshaw's fall, observed no floor hazards and they were prepared to correct any hazard as soon as there was notice of such. Plaintiff has neither presented nor even alleged any countering evidence.

**Conclusion:** The floor where Edenshaw fell was observed minutes before the fall and it was free of hazards. There is no showing of notice of a hazard to Safeway. With these undisputed facts, Safeway had no duty to act as to the small black thing that Edenshaw asserts was on the floor. Edenshaw was relying on res ipsa loquitur and either made no effort to present facts showing that Safeway acted unreasonably under these specific circumstances or had no such evidence to present. Safeway is entitled to have this case dismissed.

ROBERTSON, MONAGLE & EASTAUGH, P.C.

Dated: Nov. 21, 2006     By:   /s/ Paul M. Hoffman
                         Paul M. Hoffman, ABA No. 7410083
                         Of Attorneys for Safeway, Inc.

CERTIFICATION OF SERVICE

I hereby certify that on the 21st day of November, 2006 I served true and correct copies of the **Motion for Reconsideration** upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

Peter Ellis, Esq.
1285 Tongass Avenue
Ketchikan, AK  99901

  /s/  Anne O'Leary
Anne O'Leary