Peter R. Ellis
ELLIS LAW OFFICES, INC.
1285 Tongass Avenue
Ketchikan, Alaska  99901
907-225-9661 Office
907-225-6086 Fax
elo@kpunet.net
Attorney for GERALD EDENSHAW
Alaska Bar No. 6503008

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AT KETCHIKAN

GERALD EDENSHAW,  )
    Plaintiff,    )
    vs.          )
SAFEWAY, INC., CARRS )
QUALITY CENTER and SAFEWAY )
FOOD & DRUG,  )
    Defendants.  )  CASE NO. 5:05-CV-0005-RRB
_____ )

## PLAINTIFF 12-4 RESPONSE TO RECONSIDERATION OF DENIAL OF DEFENDANTS' MOTION FOR DISMISSAL OF 10-16

COMES NOW the above PLAINTIFF, GERALD EDENSHAW, through Peter R. Ellis as counsel of ELLIS LAW OFFICES, INC. and serves on DEFENDANTS this Response to Defendants' Motion For Reconsideration of the 11-14 Denial Of Defendants' Motion For Dismissal Of 10-16 pursuant to FRCP 56 which was filed under date of 11-21.

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-2

E105P019.SAM

PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 11, 2006

CASE NO. 5:05-CV-0005-RRB         PAGE 1

1  The Motion For Reconsideration, as filed, sets forth the
2  following as a basis for granting of the same.

3                    Statement Of Facts:

4  The facts set forth are basically the same as recited
5  in the motion material. The only fact not recited is
6  the existence of an object on the floor and the
7  testimony of witness Wallace that she saw the same in
8  the course of observing Plaintiff's fall.  This is a
9  fact which Safeway does also admit, Defendant
10 Reconsideration Motion page 2.

11                Argument For Reconsideration:

12 Safeway cites the following cases directly in
13 requesting consideration but refers to cases provided
14 in its original motion material or simply in
15 amplification of the same.

16 McGlothlin v. Municipality of Anchorage, 991 P.2d 1273,
17 1277 (Alaska 1999), Defendant Reconsideration Motion
18 pages  2 and 3, deals with the burden of proof and
19 Safeway here assumes that the existence of an object on
20 the floor should be conceded.  The question is not the
21 length of time available to detect the object, it is
22 rather the circumstances under which Safeway has

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-3
E105P019.SAM

PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 11, 2006

CASE NO. 5:05-CV-0005-RRB                PAGE 2

```
 1      established procedures for the detection of such
 2      hazards.

 3      Lack of notice, or actual or constructive knowledge,
 4      was required in a Georgia lower court decision where 15
 5      minutes transpired between inspection and accident but
 6      there is no indication of a similiarly existing and
 7      observable hazard on a walking surface such as existed
 8      on the Safeway floor. Adamchick v. Cracker Barrel Old
 9      Country Store, __ S.E.2d ___, 2006 WL 2555981 (Ga. App.
10      2006), Defendant Reconsideration Motion page  5.

11      Existence of an object is not contended and thus a
12      refusal to apply res ipsa loquitor in an Alaska case
13      where the potential cause or defect in the surface is
14      not discussed. Arctic Tug & Barge, Inc. v. Raleigh,
15      Schwarz & Powell, 956 P.2d 1199, 1203 (Alaska 1998),
16      Defendant Reconsideration Motion page 3.

17      In discussing a concept of foreseeability so as to
18      invoke a duty on the part of Safeway it is asserted
19      that a need for notice is required but the question of
20      notice as a requirement and the time interval involved
21      are not dealt with.  Likewise the nature of any defect
22      is not discussed in P.G. v. Dept. HHS, 4 P.3rd 326
23      (Alaska 2000).  Defendant Reconsideration Motion page
24      3, footnote 2.
```

ELLIS LAW OFFICES, INC.                PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
1285 TONGASS AVENUE                    GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
Ketchikan, Alaska 99901                                              DECEMBER 11, 2006

907-225-9661 FAX 907-225-6086
elo@kpunet.net-4        CASE NO. 5:05-CV-0005-RRB            PAGE 3
E105P019.SAM

Both <u>Acevedo v. York International Corporation</u>, 31 A.D.3rd 255, 818 N.Y.S.2d 83 (Sup. Ct. App. Div. 2006), Defendant Reconsideration Motion page 4, and <u>Coleman v. Ernst Home Center, Inc.</u>, 853 P.2d 473 (Wash. App. 1993), Defendant Reconsideration Motion page 4, are cited in terms of notice needs. These two cases deal with inspection requirements and do not touch upon the problem of a visible object existing, as testified to by witness Wallace, and the responsibility for inspections sufficient to disclose the existence of such objects.

Where the potential acts of a dangerous child were in question in <u>Dinsmore-Poff v. Alvord</u>, 972 P.2d 978, 986 (Alaska 1999), Defendant Reconsideration Motion page 2 and 3, the same should be distinguished. In the instant situation Safeway was far more cognizant of dangerous floor conditions being created and existing and Plaintiff certainly cannot be charged with knowledge of that potential. The dangerous object existed and Safeway's practices can certainly be considered as inadequate in terms of detecting its existence in the heavy traffic of the checkout counters.

<u>Jasko v. Woolworth</u>, 494 P.2d 839, 840 (Colo. 1972), Defendant Reconsideration Motion page 4, <u>Kangley v. U.S.</u>, 788 F.2d 533 (9th Cir. 1986), Defendant

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-5
E105P019.SAM

PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 11, 2006

CASE NO. 5:05-CV-0005-RRB    PAGE 4

1   Reconsideration Motion page 4 and Hagan v. P.C.
2   Richards & Sons, 813 N.Y.S.2d 167 (App.Div. 2006),
3   Defendant Reconsideration Motion page 5 all deal with
4   notice requirements. To the extent that notice is
5   required then the question of whether Safeway
6   adequately dealt with the proceddure as to a discovery
7   of hazard potentials should be a jury question.
8   Safeway was in the best position to know of the
9   likelihood as to hazards and whether it acted with
10  sufficient care to safeguard customer use of congested
11  areas should be a factual question. Roberson v.
12  Winn-Dixie Atlanta, Inc., 544 S.E.2d 494 Ga. App.
13  2001), Defendant Reconsideration Motion page 5  simply
14  discusses the adequacy of time intervals involved

15  Conclusion: Although observation before showed free of
16  hazards with no notice the extent and adquaecy of the
17  observation needs jury review.  A duty to act as to
18  the small black thing did exist if Safeway, pursuant to
19  its previous circumstances, knew that hazardous objects
20  did consistently appear.  Safeway is not entitled to
21  dismissal.  Plaintiff is entitled to a jury
22  determination of fact as to the nature of fault
23  concerning the fall and as to whether Safeway breached
24  its duty to act reasonably in maintaining and
25  inspecting the premises and floor area.

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-6
E105P019.SAM

PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 11, 2006

CASE NO. 5:05-CV-0005-RRB                PAGE 5

| | |
|---|---|
| 1 | DATE:   DECEMBER 11, 2006 |
| 2 | |
| 3 | PETER R. ELLIS of ELLIS LAW OFFICES, INC. |
|   | As Counsel for GERALD EDENSHAW |
| 4 | By _____ |
| 5 | Peter R. Ellis  Alaska Bar No. 6503008 |

6   CERTIFICATE OF SERVICE

7  THIS IS TO CERTIFY that pursuant
8  to this certificate the
9  undersigned has transmitted to
10 the Court by CM/ECF and to the
11 office listed below the foregoing
12 document and any documents
13 hereinafter listed in accordance
14 with the following, to-wit:

15 PAUL M. HOFFMAN
16 ROBERTSON, MONAGLE
17    & EASTAUGH, P.C.
18 9360 GLACIER HWY., SUITE 202
19 JUNEAU, ALASKA 99802

20 DOCUMENTS:

21    RESPONSE TO MOTION FOR
22    RECONSIDERATION

23 MANNER OF SERVICE:

24    CM/ECF          [ YES ]
25       pmhoffman@romea.com

26    MAIL            [ NO ]
27    FAX             [ NO ]

28 DATE: 12/11/06.
29
30 ELLIS LAW OFFICES, INC.
31
32 By _____
33    Jeri Lester

ELLIS LAW OFFICES, INC.
1285 TONGASS AVENUE
Ketchikan, Alaska 99901

907-225-9661 FAX 907-225-6086

elo@kpunet.net-7
E105P019.SAM

PLAINTIFF OPPOSITION TO RECONSIDERATION OF 11-14 ORDER
GERALD EDENSHAW vs. SAFEWAY INC., CARRS QUALITY CENTER and SAFEWAY FOOD & DRUG
DECEMBER 11, 2006

CASE NO. 5:05-CV-0005-RRB          PAGE 6