IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GERALD EDENSHAW,<br><br>           Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC., CARR'S QUALITY CENTER, and SAFEWAY FOOD & DRUG,<br><br>           Defendants. | Case No. 5:05-cv-0005-RRB<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION** |

      Before the Court are Defendants Safeway, Inc., Carr's Quality Center and Safeway Food & Drug (hereinafter collectively referred to as "Defendants") with a Motion for Reconsideration at Docket 39. Having thoroughly considered the same, in conjunction with Plaintiff Gerald Edenshaw's opposition thereto at Docket 41, Defendants' Motion for Reconsideration is hereby **DENIED**.

      The Court notes, however, that Defendants' argument with regard to Kangley v. United States, 788 F.2d 533 (9th Cir. 1986), is particularly persuasive. In Kangley, the Ninth Circuit concluded:

> The general rule in <u>Washington</u> for injuries caused by a transitory unsafe condition on property is that the owner or occupier of a building is liable for the injuries if it or its employees caused the unsafe condition or if it has actual or constructive knowledge that an unsafe condition exists.

<u>Kangley v. United States</u>, 788 F.2d 533, 534 (9th Cir. 1986)(citations omitted)(emphasis added). Indeed,

> In most jurisdictions, in order to establish a prima facie case in an action against a grocery store for injuries sustained in a slip and fall on the premises, it generally will be necessary for the plaintiff to establish that the store had prior knowledge or notice of the specific hazardous condition causing the injury.[1]

Notwithstanding, the Court further notes, and Defendants concede, that "Alaska has <u>not</u> developed specialized rules of law to deal with retail store premises liability, despite the intricate rules developed in other states."[2] And, while <u>State v. Abbott</u>, 498 P.2d 712, 225 (Alaska 1972), arguably stands for the proposition that <u>notice of a dangerous condition</u> is one of many factors to be considered in determining negligence liability, it does <u>not</u> appear to be a necessary element of the prima facie case; specifically,

---

[1] Roderick J. Mortimer, J.D., <u>Cause of Action by Customer for Injury Suffered in Grocery Store Slip and Fall</u>, 10 Causes of Action 605 (October 2006).

[2] Docket 26 at 3 (emphasis added). The question, however, is a close enough one that might, under the proper circumstances, justify certification to the Alaska Supreme Court, pursuant to Alaska R. App. P. 407.

"in an action against a grocery store for injuries sustained in a slip and fall on the premises . . . ."[3]

On the day the slip and fall at issue occurred, Defendants owed to Plaintiff "the duty of exercising reasonable care to maintain [the floor] in a reasonably safe condition."[4] Because the ultimate determination as to whether Defendants met that duty is an issue of material fact, summary judgment is inappropriate.

ENTERED this 19th day of December, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3]    Supra note 1.

[4]    Kremer v. Carr's Food Center, Inc., 462 P.2d 747, 752 (Alaska 1969).