Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK  99801
(907) 586-3340 - phone
(907) 586-6818 - fax
pmhoffman@romea.com
Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT KETCHIKAN

| | |
|---|---|
| GERALD EDENSHAW,<br><br>      Plaintiff,<br> v.<br><br>SAFEWAY, INC., CARR'S QUALITY CENTER and SAFEWAY FOOD & DRUG,<br><br>      Defendant. | Case No. 5:05-CV-0005-RRB |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE RE EXPERT WITNESS**

Safeway, Inc. moved the Court to limit the testimony of Dr. Bruce Schwartz at trial to that of a fact witness as such is revealed in the medical reports of Dr. Schwartz' treatment related to the left ankle and knee of plaintiff as provided to and received by Safeway before the Final Witness List from Plaintiff due on or before October 2, 2006.

Plaintiff did not file either a Final Witness list per paragraph 5 or expert witness lists or expert witness disclosures per paragraph 4 of the Scheduling and Planning Order of January 25, 2006 (document 20) and the parties stipulation

(Document 21) and approving Order (Document 22). Plaintiff filed a Final Witness List on October 23, 2006 (Document 32), which the Court allowed per its Order of November 3, 2006. Document 37. Dr. Schwartz is revealed on that Final Witness List.

The only potential "expert witness" on Plaintiff's list is Dr. Bruce Schwartz. The only information provided by Plaintiff from Dr. Schwartz, relating to the medical conditions Plaintiff has asserted are the subjects of this case, are listed in attachment B to the Affidavit of Counsel, filed herewith. (Plaintiff at his deposition limited the injuries for which he is seeking recovery in this case to those to his left ankle and knee. See Attachment A to the Affidavit of Counsel, filed herewith.)

Paragraph 5 of the Scheduling and Planning Order states that "[o]nly those witnesses so disclosed (on the final revised witness list) will be permitted to testify at trial." With only this limited disclosure of expert's type materials, Safeway is limited in what it knows about the possible testimony of this Dr. Schwartz. For instance, there are no opinions of causation made by Dr. Schwartz in his treatment records. According to Fed. R. Civ. P. 26(a)(2) disclosures with respect to witnesses who will provide expert testimony and are retained or specially employed for such must include a written report prepared and signed by the witness and contain the following:

> The report shall contain a complete statement of all opinions to be express and the basis and reasons therefore; the data or other

> information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

None of this information has been disclosed with respect to Dr. Schwartz. The place of treating physicians as experts has been addressed by the Alaska Supreme Court in ***Fletcher v. South Peninsula Hospital***, 71 P.3d 833, 844 (Alaska 2003) recognizing that they occupy a somewhat different status than retained experts:

> The purpose behind Rule 26, however, is still important; a defendant has a right to discover what expert testimony a treating physician will provide. Despite Rule 26's literal inapplicability, the trial court had the discretion to effectuate the Rule's basic purpose.

This seems very akin to the application of Rule 26 by courts in the Ninth Circuit, where no binding precedent was found. In ***Mansoor v. M/V Zaandam***, 2006 WL 2222332 (W.D. Wash.) Aug. 2, 2006 at section F. the court stated as follows:

> Here, Plaintiff has only disclosed his treating physicians as fact witnesses. As fact witnesses, Plaintiff's treating physicians may testify regarding what they actually observed and what treatment they provided. . . . However, because Plaintiff's treating physicians were not disclosed as experts, they may be precluded from testifying at trial regarding matters that rely on "scientific, technical, or other specialized knowledge" within the scope of FRE 702. (citation omitted)

See also ***Elgas v. Colorado Belle Corp.***, 179 F.R.D. 296, 300 (D. Nev. 1998) where the physician was not allowed to render opinions based on information not part of the course of his limited treatment at his clinic.

As Plaintiff did not make the disclosures regarding Dr. Schwartz necessary to make him an expert witness in the full sense, it is necessary to limit the scope of the evidence he will be allowed to give at trial.

DATED this 26th day of December 2006.

>ROBERTSON, MONAGLE & EASTAUGH
>
>   /s/ Paul M. Hoffman
>Paul M. Hoffman, AK Bar No. 7410083
>Attorneys for Defendant Safeway, Inc.

### CERTIFICATE OF SERVICE

On the 26th day of December 2006, I served a true and correct copy of the within Memorandum in Support of Motion in Limine re Expert Witness and Affidavit of Counsel upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

>Peter Ellis, Esq.
>1285 Tongass Avenue
>Ketchikan, AK  99901

and filed the original of same with the United States District Court at Ketchikan via the CM/ECF filing system.

>   /s/ Anne O'Leary
>   Anne O'Leary