Paul M. Hoffman, Esq.
Robertson, Monagle & Eastaugh
9360 Glacier Hwy., Suite 202
Juneau, AK  99801
(907) 586-3340 - phone
(907) 586-6818 - fax
pmhoffman@romea.com
Attorneys for Safeway, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

## AT KETCHIKAN

| | |
|---|---|
| **GERALD EDENSHAW,** | |
| Plaintiff, | |
| v. | |
| **SAFEWAY, INC., CARR'S QUALITY CENTER and SAFEWAY FOOD & DRUG,** | |
| Defendant. | **Case No. 5:05-CV-0005-RRB** |

## MOTION TO CERTIFY QUESTION OF STATE LAW TO THE ALASKA SUPREME COURT

Defendant Safeway Inc., (Safeway) requests that this Court certify the following

question of state law to the Alaska Supreme Court:

> Is actual or constructive notice that an unsafe condition exists an element of
> a prima facie case in an action against a grocery store owner in slip and fall
> cases?

On December 19, 2006, the Court denied Safeway's motion for reconsideration on

the grounds that although the reasoning to do so was persuasive, it was not clear to the

Court whether the Alaska Supreme Court has yet required actual or constructive notice as

a *prima facie* element in slip and fall cases. The Court acknowledged though that the

question was close, and that it "might, under the proper circumstances, justify

certification." Order (Document 42) at n. 2.

I.    CERTIFICATION IS APPROPRIATE PURSUANT TO ALASKA APP. R. 407

Certification is discretionary with the Court. Pursuant to Alaska Rule of Appellate

Procedure 407, certification is appropriate where questions of Alaska state law may be

determinative of an issue before the certifying court, and where it appears to the

certifying court that there is no controlling Alaska Supreme Court case law precedent.

An affirmative answer to the question Safeway seeks to be certified would be

dispositive,[1] and as the Court has already commented that it believes the State of Alaska

has not answered the question at hand, certification is proper.

II.    ALTHOUGH THERE IS NO EXPLICIT CONTROLLING PRECEDENT
ANSWERING THE QUESTION TO BE CERTIFIED, ALASKA SUPREME
COURT CASE LAW SUGGESTS THE QUESTION HAS BEEN ANSWERED
IN THE AFFIRMATIVE

A review of *State v. Abbott*, 498 P.2d 712, 225 (Alaska 1972),[2] and its progeny

suggests that the Alaska court has already considered the question, and that it has at least

implicitly decided it in the affirmative. In *Webb v. City and Borough of Sitka*, 561 P.2d

731 (Alaska 1977), the Alaska Supreme Court held that from that point forward, the rule

of law in Alaska with respect to premises liability would be that landowners or owners of

property would be required to maintain the property

---

[1] Other than the question of notice, there are no genuine issues of material fact which would bar
a ruling on summary judgment in this case.

[2] This Court cited to the *State v. Abbott* case at page 2 of the December 19, 2006 order.

in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk.

*Webb*, 561 P.2d at 734. The court cited to *Smith v. Arbaugh's Restaurant, Inc.*, 152 U.S. App. D.C. 86 (1972) as the basis for the rule, and confirmed that in adopting the rule, the court was not proposing that landowners be "insurers" of their property. *Id*.

When it first articulated the rule in *Smith v. Arbaugh's Restaurant* case, the Appellate Court for the District of Columbia acknowledged that in abolishing the common law distinction between trespassers, invitees, and licensees and adopting a general rule, it was triggering a "fear of grocery store owners" that they would be held as "insurers" of their property. The appellate court denied doing so was its intent, and cited with favor what it considered a "model of an instruction for a jury":

> A landowner is not an insurer of the condition of his property. His duty is to exercise reasonable care to keep his property safe in view of the foreseeability of the presence of others on his land. He is responsible, of course, for injuries resulting from risks created personally or by his employees. Moreover, his obligation of due care extends to reasonable supervision and inspection of the premises to identify and protect against potential perils in view of the probability of injury to others. For this reason, liability may also spring from a negligent failure to safeguard against dangers born of the activities of others. ***But negligence can be found in relation to a visitor-created hazard only if it is known, or because of its duration should have been discovered, in time to afford a fair opportunity to remove it.***

*Id.* at 106, fn. 48 (emphasis added). Thus, implicit in the rule articulated by the D.C. court, and subsequently adopted by the Alaska Supreme Court, is a notice requirement.

Almost ten years later, in *Johnson v. State,* 636 P.2d 47 (Alaska 1981), the Alaska Supreme Court considered a case where an individual on a bicycle was injured after

riding over railroad tracks. The plaintiff appealed after the trial court granted a directed

verdict to the State, finding that the State had no duty to the plaintiff as it had no notice of

the hazard posed by the tracks.  The Supreme Court stated

> Notice is relevant, and necessary, when the dangerous condition is not
> caused by the state.  In such a case, the plaintiff must establish either actual
> or constructive notice.   Constructive notice can result if a dangerous
> condition exists for such a period of time prior to the accident, and is of
> such an obvious nature, that the defendant public entity, in the exercise of
> due care, should have discovered the condition and its dangerous character.

*Id.* at 52. This "notice" rule was confirmed by the Alaska Supreme Court in ***Beck v.***

***State***, 837 P.2d 105 (Alaska 1992). In that case, the Court affirmed the trial court's use of

a jury instruction which imposed an element of actual or constructive notice. The

instruction read:

> To be entitled to recover money damages from the State of Alaska, the
> estate of Jerrie Beck must prove that it is more likely true than not true that:
>      1.  The Mitkof Highway at the time of the crash was in a dangerous
> condition;
>      2.  The dangerous condition was a legal cause of the crash;
>      3.  The crash occurred in a way that was reasonably foreseeable as a
> consequence of the dangerous condition of the highway; and
>      4.  Either
>           a.  the state was negligent in its maintenance of the highway, or
>           b.  the state had actual or constructive notice of the dangerous
> condition and a reasonable amount of time to correct the dangerous
> condition prior to the crash.

*Id*. at 114, fn. 7.

In the case before this Court, there is no evidence that Safeway actually created

the dangerous condition. In light of the holdings in ***Abbott, Johnson, Webb,*** and ***Beck***,

Safeway believes that Alaska law requires Edenshaw to establish, as a *prima facie*

element of his case, that Safeway had actual or constructive notice of a dangerous

condition. Given that the Court questions whether Alaska law explicitly requires such a showing against a grocery store owner in slip and fall cases, certification is proper and warranted.

III.    CONCLUSION

A review of Alaska case law strongly suggests that the Alaska Supreme Court would require Mr. Edenshaw to establish either actual or constructive notice as part of his *prima facie* case as there is no evidence that Safeway caused the allegedly dangerous condition. Although the Alaska court has not yet applied an explicit notice requirement in slip and fall cases, there is no reason to think it would not do so given its holdings in **Abbott, Webb, Johnson,** and **Beck**.  As answering the question would be dispositive of this case, and as the Court has acknowledged that the Alaska Supreme Court is silent on this particular issue, certification is warranted.

DATED December 26, 2006

By:    _____/s/ Paul M. Hoffman_____
       Paul M. Hoffman, ABA No. 7410083
       Of Attorneys for Safeway, Inc.


Certificate of Service
I hereby certify that on the 26th day of December, 2006, I served a true and correct copy of the **MOTION TO CERTIFY QUESTION OF STATE LAW TO THE ALASKA SUPREME COURT** upon the following attorney of record via the CM/ECF filing system and U.S. First Class Mail, postage pre-paid:

Peter Ellis, Esq.
1285 Tongass Ave.
Ketchikan, AK  99901

_____/s/Anne O'Leary_____
Anne O'Leary